# Exhibit A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. _____

**MATTHEW LANCLOS,** individually and on behalf of all other similarly situated,

       Plaintiff,

v.

**SOUTHWEST AIRLINES CO.,**

       Defendant.

## INDEX OF DOCUMENTS

| EXHIBIT | DOCUMENT | DATE FILED |
|---------|----------|------------|
| **A-1** | Copy of Docket Sheet | As of January 31, 2025 |
| **A-2** | Plaintiff's Original Class Action Complaint | December 26, 2024 |
| **A-3** | Delay Reduction Order | December 30, 2024 |
| **A-4** | Pre-Trial Order and Discovery Protocol | December 30, 2024 |
| **A-5** | Return of Service | January 8, 2025 |
| **A-6** | Don Foty's Motion Requesting Pro Hac Vice Admission | January 8, 2025 |
| **A-7** | Fazila Issa's Motion Requesting Pro Hac Vice Admission | January 8, 2025 |
| **A-8** | Notice of Stipulation to Extend Responsive Pleading Deadline | January 24, 2025 |
| **A-9** | Order Re: Notice of Stipulation to Extend Responsive Pleading Deadline | January 27, 2025 |
| **A-10** | Order Granting Out of State Counsels' Verified Motions Requesting Pro Hac Vice Admission | January 30, 2025 |

# Exhibit A-1

## Register of Actions

| | |
|---|---|
| ☐ **Filed by Plaintiff/Petitioner** | **Case Number:** 2024CV034014 |
| ☐ **Filed by Defendant/Respondent** | **Case Type:** Wages |
| ☐ **Filed by Court** | **Case Caption:** Lanclos, Matthew v. Southwest Airlines Co |

**Division:** 203

**Judicial Officer:** Jill Deborah Dorancy

**Court Location:** Denver County - District

| Filing ID | Date Filed | Authorizer | Organization | Filing Party | Document | Document Title | Document Security |
|---|---|---|---|---|---|---|---|
| N/A (Details) | 01/30/2025 3:54 PM | Jill Deborah Dorancy | Denver County - District | N/A | Order (Related Document) | ORDER GRANTING OUT OF STATE COUNSELS' VERIFIED MOTIONS REQUESTING PRO HAC VICE ADMISSION | Public |
| N/A (Details) | 01/27/2025 2:49 PM | Jill Deborah Dorancy | Denver County - District | N/A | Order (Related Document) | ORDER RE: NOTICE OF STIPULATION TO EXTEND RESPONSIVE PLEADING DEADLINE | Public |
| ACE0E09153FA9 | 01/24/2025 2:33 PM | David L Miller | Norton Rose Fulbright US LLP | Southwest Airlines Co | Entry of Appearance | ENTRY OF APPEARANCE | Public |
| | | | | | Notice (Related Document) | NOTICE OF STIPULATION TO EXTEND RESPONSIVE PLEADING DEADLINE | Public |
| DDF14155D01CB | 01/08/2025 9:44 PM | Matthew Scott Parmet | Parmet PC | Matthew Lanclos | Motion (Related Document) | Out of State Counsel's Verified Motion Requesting Pro Hac Vice Admission w/ attach | Public |
| | | | | | Affidavit | Affidavit of Fazila Issa | Public |
| | | | | | Exhibit - Attach to Pleading/Doc | Exhibit A to Out of State Counsel's Verified Motion Requesting Pro Hac Vice Admission - Certificate of Good Standing | Protected |
| | | | | | Proposed Order | Proposed Order Granting Out of State Counsel's Verified Motion Requesting Pro Hac Vice Admission | Public |
| | | | | | Certificate | Certificate of Service | Public |
| EBACB5AA8E61B | 01/08/2025 9:38 PM | Matthew Scott Parmet | Parmet PC | Matthew Lanclos | Motion (Related Document) | Out of State Counsel's Verified Motion Requesting Pro Hac Vice Admission w/ attach | Public |
| | | | | | Affidavit | Affidavit of Don Foty | Public |
| | | | | | Exhibit - Attach to Pleading/Doc | Exhibit A to Out of State Counsel's Verified Motion Requesting Pro Hac Vice Admission - Certificate of Good Standing | Protected |
| | | | | | Proposed Order | Proposed Order Granting Out of State Counsel's Verified Motion Requesting Pro Hac Vice Admission | Public |
| 653DF54FBF76D | 01/08/2025 9:33 PM | Matthew Scott Parmet | Parmet PC | Matthew Lanclos | Return of Service | Affidavit of Service of Summons, and Complaint Served on Cole Stender (Clerk who is authorized to accept service for Southwest Airlines) for Southwest Airlines on 1/3/25 | Public |
| N/A (Details) | 12/30/2024 8:36 AM | Jill Deborah Dorancy | Denver County - District | N/A | Order | Pre-Trial Order and Discovery Protocol | Public |
| N/A (Details) | 12/30/2024 8:35 AM | Jill Deborah Dorancy | Denver County - District | N/A | Order | Delay Reduction Order | Public |
| 4613426B3C0DA | 12/26/2024 9:26 PM | Matthew Scott Parmet | Parmet PC | Matthew Lanclos | Complaint w/Jury Demand | PLAINTIFF'S ORIGINAL CLASS ACTION COMPLAINT | Public |
| | | | | | Civil Case Cover Sheet | DISTRICT COURT CIVIL (CV) CASE COVER SHEET | Public |

## Party Information

| Party Name | Party Type | Party Status | Attorney/Paraprofessional Name |
|---|---|---|---|
| Matthew Lanclos | Plaintiff | Active | MATTHEW SCOTT PARMET (Parmet PC) |
| Southwest Airlines Co | Defendant | Active | DAVID L MILLER (Norton Rose Fulbright US LLP) |

# Exhibit A-2

| | |
|---|---|
| DISTRICT COURT<br>CITY AND COUNTY OF DENVER, COLORADO<br><br>Court Address:  1437 Bannock St., Rm. 256<br>　　　　　　　　　Denver, CO 80202<br>Court Phone:  303 606 2300 | DATE FILED<br>December 26, 2024 9:26 PM<br>FILING ID: 4613426B3C0DA<br>CASE NUMBER: 2024CV34014 |
| **Plaintiff:**<br><br>**MATTHEW LANCLOS, individually and on behalf of all others similarly situated,**<br><br>**v.**<br><br>**Defendant:**<br><br>**SOUTHWEST AIRLINES CO.** | |
| | **▲ COURT USE ONLY ▲** |
| Attorneys for Plaintiff:<br><br>**Matthew S. Parmet**, Atty Reg. # 53046<br>**PARMET PC**<br>2 Greenway Plaza, Ste. 250<br>Houston, TX 77046<br>phone  713 999 5200<br>matt@parmet.law<br><br>**Don J. Foty**, Texas Bar No. 24050022<br>(*seeking admission pro hac vice*)<br>dfoty@hftrialfirm.com<br>**Fazila Issa**, Texas Bar No. 24046136<br>(*seeking admission pro hac vice*)<br>fissa@hftrialfirm.com<br>**HODGES & FOTY, LLP**<br>2 Greenway Plaza, Suite 250<br>Houston, Texas 77046<br>Telephone: (713) 523-0001<br>Facsimile: (713) 523-1116 | **Case No: _____**<br><br>**Div.: _____    Ctrm.: _____** |

## PLAINTIFF'S ORIGINAL CLASS ACTION COMPLAINT

INTRODUCTION

1.      Southwest implemented an illegal policy of paying its flight attendants, including Plaintiff Matthew Lanclos and similarly situated workers, for only Trip-for-Pay ("TFP") hours of each scheduled flight based on the mileage of the flight.

2.      Under this policy, the "time clock" starts for pay purposes when the aircraft pushes away from the gate at an airport at the beginning of a flight and stops when the aircraft comes to a halt upon arrival at its destination.

3.      Southwest did not pay Lanclos and similarly situated workers their minimum or overtime wage rates for all of the hours they spent working for Southwest, including for the work they performed on Southwest's premises, on duty, at their prescribed workplaces, or for travel time within Colorado.

4.      The non-flying hours of work performed by Lanclos and similarly situated workers constitute compensable time worked under Colorado law.

5.      By failing to pay for such time, Southwest violated Colorado law.

6.      Southwest's conduct violates Colorado law because Southwest failed to pay Lanclos and the similarly situated workers their minimum wage and overtime compensation for all time worked as required by the Colorado Constitution art. XVIII, § 15, the Colorado Wage Act (CWA), C.R.S. § 8-4-101 *et seq.*, the Colorado Minimum Wage Act (CMWA), C.R.S. § 8-6-101 *et seq.*, and the Colorado Overtime and Minimum Pay Standards Order ("COMPS Order") #39, 7 C.C.R. 1103-1 (collectively, "Colorado Wage-and-Hour Law").

7.      Specifically, Colorado Wage-and-Hour Law requires employers to pay employees their agreed wage rates–their minimum or overtime wage rates–for all time worked. *See* COMPS Order, Rules 3, 4.

8.      Under Colorado Wage-and-Hour Law, "time worked" includes: (1) time during which an employee is required to be on the employer's premises; (2) time during which an employee is required to be on duty; (3) time during which an employee is required to be at the prescribed workplace; and (4) time spent on travel for the benefit of the employer. COMPS Order, Rule 1.9.

9.      Lanclos bring this lawsuit as a class action under Colorado Rule of Civil Procedure 23 to recover unpaid minimum wages, unpaid overtime compensation, mandatory penalties under C.R.S. § 8-4-109(3)(b)(I), additional penalties under C.R.S. § 8-4-109(3)(b)(II), and attorneys' fees and costs due to them and the similarly situated workers. *See* C.R.S. §§ 8-4-109(3)(b), 8-4-110, 8-6-118.

- 2 -

## JURISDICTION & VENUE

10.     This Court has personal jurisdiction over Southwest because Southwest has had sufficient minimum contacts with Colorado to confer jurisdiction over Southwest. Specifically, Southwest does business in Colorado, maintains offices in Colorado, advertises in Colorado, markets and sells to Colorado customers, and employs Colorado residents. The violations of law forming the basis of this action also occurred in Colorado.

11.     Venue is proper in this district because a substantial part of the events and omissions giving rise to Lanclos's claims occurred in the City and County of Denver, including many of the alleged wrongs.

12.     Lanclos worked for Southwest in the City and County of Denver.

13.     Lanclos was denied minimum wages and overtime compensation by Southwest in the City and County of Denver.

14.     Southwest operates in the City and County of Denver. In particular, Southwest operates out of Denver International Airport.

## PARTIES

15.     **Plaintiff Matthew Lanclos** is a natural person who is a resident and citizen of Colorado.

16.     Lanclos worked as a flight attendant for Southwest in Colorado.

17.     Lanclos represents a class of similarly situated persons Colorado Rule of Civil Procedure 23, which is comprised of:

**All current and former employees of Southwest who were paid on an hourly basis for TFP hours and who worked in Colorado, from six years prior to the date this Complaint is filed until final judgment is entered.**

18.     Throughout this Complaint, the putative class members are also referred to as the "Similarly Situated Workers."

19.     Defendant Southwest Airlines Co. ("Southwest") is a Texas corporation.

20.     Southwest's headquarters and principal place of business is in Texas.

21.     Southwest may be served by service of process on its registered agent, **The Prentice-Hall Corporation System, Inc., 1900 W. Littleton Blvd., Littleton, CO 80120**, or by any other method authorized by law.

## Coverage Under Colorado Wage-and-Hour Law

22.     At all material times, Southwest has been governed by and subject to Colorado Wage-and-Hour Law.

23.     At all material times, Southwest has been an employer within the meaning of Colorado Wage-and-Hour Law. *See* C.R.S. § 8-4-101(6); COMPS Order, Rule 1.6.

24.     At all material times, Lanclos and the Similarly Situated Workers have been employees within the meaning of Colorado Wage-and-Hour Law. *See* C.R.S. § 8-4-101(5); COMPS Order, Rule 1.5.

25.     At all material times, Southwest was and is legally responsible for the unlawful conduct, policies, practices, acts, and omissions as described and set forth in this Complaint, as the employer of Lanclos and the Similarly Situated Workers .

## Factual Background

### A.    Lanclos's employment with Southwest.

26.     Southwest is a major airline in the United States, with over 66,000 employees.

27.     Southwest operates in several airports in Colorado: Denver International Airport ("DEN") in Denver, Colorado Springs Airport ("COS") in Colorado Springs, Yampa Valley Regional Airport ("HDN") in Hayden, and Montrose Regional Airport ("MTJ") in Montrose.

28.     As one of the busiest airports in the world, DEN is the largest airport in Southwest's network, with an average of over 300 daily Southwest flights during peak travel season.

29.     Lanclos works as an hourly, non-exempt flight attendant for Southwest.

30.     Lanclos has worked for Southwest since June 2005.

31.     Throughout his employment with Southwest, Lanclos has regularly worked for Southwest in Colorado.

32.     Since April 2013, Lanclos has been based out of DEN.

33.     Lanclos has worked with hundreds of other Southwest flight attendants in Colorado.

34.     Lanclos is paid by the hour.

35.    For example, during periods of time with Southwest, Lancos was paid an hourly rate of approximately $77.43.

36.    During his employment, Lanclos has regularly worked over 40 hours per workweek, 12 hours per workday, and/or 12 hours per shift.

**B.    Southwest failed to pay for all time worked.**

37.    At all material times, Southwest implemented a policy of paying its flight attendants, including Lanclos and the Similarly Situated Workers, for only TFP hours for each scheduled flight. Under this policy, the time clock for pay purposes starts when the aircraft pushes away from the gate at the beginning of a flight and stops when the aircraft arrives at its destination. The TFP hours do not include any other "duty time." In particular, pursuant to Southwest's policy, Southwest did not pay flight attendants for any non-flying work time in Colorado from when the flight attendants arrived at an airport to when they were either released at the end of their scheduled flight or required to travel to a hotel for an overnight stay, until the next scheduled flight.

38.    Specifically, Southwest did not pay the minimum or overtime wage rates to Lanclos and the Similarly Situated Workers for all the on-duty, non-flying time they were required to work, including but not limited to:

   a.    The time that Lanclos and the Similarly Situated Workers arrived at the aircraft, which they were required to do 45 minutes to 75 minutes prior to the scheduled departure, and the closing of the boarding door;

   b.    The time that Lanclos and the Similarly Situated Workers spent performing pre-flight job duties prior to the closing of the boarding door;

   c.    The time that Lanclos and the Similarly Situated Workers worked on the aircraft between the opening of the boarding door and the time that they stopped assisting with deplaning and performing other work duties;

   d.    The time that Lanclos and the Similarly Situated Workers spent traveling between planes;

   e.    The time that Lanclos and the Similarly Situated Workers spent at the gate prior to boarding due to delays;

   f.    The time that Lanclos and the Similarly Situated Workers spent traveling to and from hotels for overnight stays until the next scheduled flight; and

- 5 -

g.      The time that Lanclos and the Similarly Situated Workers spent
waiting in line, completing security screenings, COVID screenings,
and walking to the gate prior to boarding.

39.      This non-flying work time should have been paid because it constitutes
time worked under Colorado Wage-and-Hour Law.

40.      "Time worked" under Colorado Wage-and-Hour Law includes the
following separate categories of an employee's time: (1) time during which an employee is
required to be on the employer's premises; (2) time during which an employee is required to
be on duty; (3) time during which an employee is required to be at the prescribed workplace;
and (4) time spent on travel for the benefit of the employer. COMPS Order, Rule 1.9.

41.      The non-flying work hours are compensable because they were required by
Southwest. Lanclos and the Similarly Situated Workers were required to be on Southwest's
premises, on duty, or at their prescribed workplace as provided under Colorado law. The
aircraft to which they were assigned, the airport out of which they were operating, or the
gate at which their assigned aircraft was scheduled to arrive satisfy these requirements.
Lanclos and the Similarly Situated Workers were also required to wait in line, complete
screenings, and then walk to the gate as well as travel to and from hotels for overnight stays
until the next scheduled flight.

42.      During non-flying work hours, Lanclos and the Similarly Situated Workers
were required to be on duty, dressed in a Southwest uniform, and abiding by Southwest
policies, practices, and procedures.

43.      Lanclos and the Similarly Situated Workers were required to comply with
Southwest's instructions and were subject to discipline, including possible termination, if
they violated Southwest's policies, practices, and procedures during the non-flying work
hours.

44.      During non-flying work hours, Southwest compelled Lanclos and the
Similarly Situated Workers to perform specific tasks, such as addressing passenger concerns,
performing pre-flight duties, and providing regular and necessary services to passengers.

45.      Non-flying work hours belonged to and were controlled by Southwest and
were primarily for the benefit of Southwest. Southwest directed, commanded, and
restrained Lanclos and the Similarly Situated Workers; prevented them from using that time
effectively for their own purposes; and subjected them to Southwest's control.

46.      As a result of Southwest's conduct, Lanclos and the Similarly Situated
Workers are owed significant unpaid minimum wages and unpaid overtime compensation
for the time they worked in Colorado without pay. Non-flying hours that Lanclos and the
Similarly Situated Workers were required to work resulted in more than 40 hours per
workweek, 12 hours per workday, and/or 12 hours per shift.

47.     Records reflecting non-flying work hours are in Southwest's possession and will be sought in discovery during this action.

48.     At all material times, Southwest knew, or through the exercise of reasonable diligence should have known, that its failure to pay Lanclos and the Similarly Situated Workers minimum or overtime wage rates for non-flying work hours violated the Colorado Wage-and-Hour Law. As a result, Southwest's conduct was willful.

49.     This Complaint constitutes a CWA written demand that Southwest immediately compensate Lanclos and the Similarly Situated Workers for all their unpaid, non-flying hours worked during the relevant time period.

**C.      Southwest did not pay under the continuous workday rule.**

50.     Pursuant to the continuous workday rule, once the first compensable activity is performed, the continuous workday has started, and all subsequent activities performed are compensable regardless of the amount of time each specific individual activity takes. *See* Colo. Dept. of Labor and Empl., Div. of Lab. Standards and Statistics, Interpretive Notice & Formal Opinion ("INFO") #20A. The continuous workday rule requires compensation from the start of the first compensable activity to the last compensable activity. *See id.* Specifically, INFO #20A states:

> Even if time isn't otherwise time worked, it counts as part of a '**continuous workday**' of time worked, if it's **after** other time **starts**, and **before** other time **worked ends** – excluding long enough breaks [when **completely relieved from duty**.]

*Id.* (emphasis in original).

51.     Under Colorado Wage-and-Hour Law, "time worked" includes: (1) time during which an employee is required to be on the employer's premises; (2) time during which an employee is required to be on duty; (3) time during which an employee is required to be at the prescribed workplace; and (4) time spent on travel for the benefit of the employer. COMPS Order, Rule 1.9.

52.     Therefore, Lanclos and the Similarly Situated Workers are entitled to compensation from the time they first arrive at the airport to the time when the aircraft pushes back away from the gate at the beginning of a flight. Similarly, Lanclos and the Similarly Situated Workers are entitled to compensation from the time the aircraft comes to a stop at the end of a flight to the time they exit the airport. Lanclos and the Similarly Situated Workers are also entitled to the time spent traveling to and from hotels for overnight stays until the next scheduled flight.

53.     Lanclos and the Similarly Situated Workers were non-exempt employees.

54.     Lanclos and the Similarly Situated Workers were paid on an hourly rate basis.

55.     When they worked more than 40 hours in a workweek, 12 hours per workday, and/or 12 hours per shift, they were entitled to overtime compensation.

56.     Due to substantial non-flying work hours, Lanclos and the Similarly Situated Workers were not paid for all time worked each day and are owed significant unpaid minimum wages and unpaid overtime compensation.

57.     Southwest's method of paying Lanclos and the Similarly Situated Workers in violation of Colorado law was not based on a good faith and reasonable belief that their conduct complied with the law. Southwest knew the requirement to pay for all time worked, but intentionally and/or recklessly chose not to do so.

**D.      Southwest did not provide required rest breaks.**

58.     Under Colorado Wage-and-Hour Law, employers must "authorize and permit a compensated 10-minute rest period for each 4 hours of work, or major fractions thereof." COMPS Order, Rule 5.2.

59.     Thus,

When an employee is not authorized and permitted a required 10-minute rest period, his or her shift is effectively extended by 10 minutes without compensation. Because a rest period requires 10 minutes of pay without work being performed, work during a rest period is additional work for which additional pay is not provided. Therefore, a failure by an employer to authorize and permit a 10-minute compensated rest period is a failure to pay 10 minutes of wages at the employee's agreed-upon or legally required (whichever is higher) rate of pay.

COMPS Order, Rule 5.2.4.

60.     Southwest failed to authorize and permit Lanclos and the Similarly Situated Workers to take a 10-minute rest period when they worked in Colorado.

61.     Southwest did not authorize or allow any rest period at all.

62.     Instead, Lanclos and the Similarly Situated Workers regularly worked long hours, well over 4 hours, without any breaks. They were not permitted to take any breaks after 4 hours of work. Instead, they had to work their entire shift without breaks, in violation of Colorado Wage-and-Hour Law.

C<small>LASS</small> A<small>CTION</small> A<small>LLEGATIONS</small>

63.     <u>Numerosity</u>: The number of members in the Class is believed to exceed 40 and in fact, is likely to be in the thousands. This volume makes bringing the claims of each individual member of the Class before this Court impracticable. Likewise, joining each individual member of the Class as a Plaintiff in this action is impracticable. Furthermore, the identity of the members of the Class will be determined from Southwest's records, as will the compensation paid to each of them. As such, a class action is a reasonable and practical means of resolving these claims. To require individual actions would prejudice the Similarly Situated Workers and Southwest.

64.     <u>Typicality</u>: Lanclos's claims are typical of the Similarly Situated Workers' claims because like the members of the Class, Lanclos was subject to Southwest's uniform policies and practices and were compensated in the same manner as others in the Class. Southwest failed to pay the Similarly Situated Workers for all hours they worked. Additionally, members of the Class worked substantially more than 40 hours in a workweek, 12 hours in a workday, and/or 12 hours in a shift as non-exempt employees. Accordingly, Lanclos and the Similarly Situated Workers have been uncompensated and/or under-compensated in weeks when they worked less than 40 hours, weeks when they worked more than 40 hours, workdays when they worked more than 12 hours, and/or shifts when they worked more than 12 hours as a result of Southwest's common policies and practices which failed to comply with Colorado law. As such, Lanclos's claims are typical of the claims of the Similarly Situated Workers. Lanclos and the Similarly Situated Workers sustained damages arising out of and caused by Southwest's common course of conduct in violation of law as alleged herein.

65.     <u>Adequacy</u>: Lanclos is a representative who will fairly and adequately protect the interests of the Similarly Situated Workers because it is in their interests to effectively prosecute the claims herein alleged to obtain the unpaid minimum wages and unpaid overtime compensation, and penalties required under Colorado law. Lanclos has retained attorneys who are competent in both class actions and wage-and-hour litigation. Lanclos do not have any interest which may be contrary to or in conflict with the claims of the Similarly Situated Workers they seek to represent.

66.     <u>Commonality</u>: Common issues of fact and law predominate over any individual questions in this matter. The common issues of fact and law include, but are not limited to:

  a. Whether the unpaid, non-flying work hours are "time worked";

  b. Whether Southwest failed to pay Lanclos and the Similarly Situated Workers the minimum wage rate for unpaid, non-flying work time;

- 9 -

c.     Whether Southwest failed to pay Lanclos and the Similarly Situated Workers the proper overtime rate for all time worked;

d.     Whether Southwest failed authorize or permit Lanclos and the Similarly Situated Workers to take 10-minute rest breaks after 4 hours of work;

e.     The amount of unpaid time; and

f.     The proper measure of damages sustained by Lanclos and the Similarly Situated Workers.

67.     Superiority: A class action is superior to other available means for the fair and efficient adjudication of this lawsuit. Even in the event any member of the Class could afford to pursue individual litigation against a company the size of Southwest, doing so would unduly burden the court system. Individual litigation would magnify the delay and expense to all parties and flood the court system with duplicative lawsuits. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying judicial results and establish incompatible standards of conduct for Southwest.

68.     A class action, by contrast, presents far fewer management difficulties and affords the benefits of uniform adjudication of the claims, financial economy for the parties, and comprehensive supervision by a single court. By concentrating this litigation in one forum, judicial economy and parity among the claims of individual class members are promoted. Additionally, class treatment in this matter will provide for judicial consistency. Notice of the pendency and any resolution of this action can be provided to the Similarly Situated Workers by mail, electronic mail, text message, print, broadcast, internet, and/or multimedia publication. The identity of the members of the Class are readily identifiable from Southwest's records.

69.     This type of case is well-suited for class action treatment because: (1) Southwest's practices, policies, and/or procedures were uniform; (2) the burden is on Southwest to prove it properly compensated its employees including any potential exemptions that might apply; and (3) the burden is on Southwest to accurately record hours worked by employees. Ultimately, a class action is a superior form to resolve the Colorado claims detailed herein because of the common nucleus of operative facts centered on the continued failure of Southwest to pay Lanclos and the Similarly Situated Workers per applicable Colorado laws.

## CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF—FAILURE TO PAY MINIMUM AND OVERTIME WAGES AS TO LANCLOS AND THE CLASS MEMBERS

70.     Lanclos incorporates all allegations in paragraphs 1 to 69.

- 10 -

71.     At all material times, Southwest has been an employer within the meaning of Colorado Wage-and-Hour Law. *See* C.R.S. § 8-4-101(6); COMPS Order, Rule 1.6.

72.     At all material times, Lanclos and the Similarly Situated Workers have been employees within the meaning of Colorado Wage-and-Hour Law. *See* C.R.S. § 8-4-101(5); COMPS Order, Rule 1.5.

73.     Colorado Wage-and-Hour Law requires employers to pay employees for all time worked. *See* C.R.S. § 8-4-103; C.R.S. § 8-6-106; COMPS Order, Rule 1.9, Rule 3, and Rule 4.

74.     Under the COMPS Order, Rule 1.9:

> 1.9   'Time worked' means time during which an employee is performing labor or services for the benefit of an employer, including all time s/he is suffered or permitted to work, whether or not required to do so.

> 1.9.1   Requiring or permitting employees to be on the employer's premises, on duty, or at a prescribed workplace (but not merely permitting an employee completely relieved from duty to arrive or remain onpremises) — including but not limited to putting on or removing required work clothes or gear (but not a uniform worn outside work as well), receiving or sharing work-related information, security or safety screening, remaining at the place of employment awaiting a decision on job assignment or when to begin work, performing clean-up or other duties 'off the clock,' clocking or checking in or out, or waiting for any of the preceding — shall be considered time worked that must be compensated.

> 1.9.2   'Travel time' means time spent on travel for the benefit of an employer, excluding normal home to work travel, and shall be considered time worked.

75.     Under the CWA, employers must pay employees their agreed wage rate, which must be at least the applicable minimum wage, for all hours worked. *See* C.R.S. § 8-4-103; *see also* COMPS Order, Rule 3.

76.     The CWA provides that "[a]ny agreement … purporting to waive or modify [an] employee's rights in violation of this article shall be void." *See* C.R.S. § 8-4-121; *Barlow v. Westin DEN Operator, LLC*, No. 1:20-cv-01612-DDD-KLM, 2020 U.S. Dist. LEXIS 259845, at *9-13 (D. Colo. Dec. 2, 2020) (holding that Colorado Wage-and-Hour Law, not the union's collective bargaining agreement, governed minimum wages owed to union employees in Colorado).

77.     Under the CMWA, employers must pay employees at least the applicable minimum wage, which in the City and County of Denver must be at least the Denver minimum wage, for all time worked. *See* C.R.S. § 8-6-101; *see also* COMPS Order, Rule 3; *id*. at Rule 3.2 ("If an employee is covered by multiple minimum or overtime wage requirements, the requirement providing a higher wage, or otherwise setting a higher standard, shall apply"); D.R.M.C. § 58-1 *et seq*. (mandating minimum wage for employees who work in the City and County of Denver).

78.     The wages due to employees under Colorado Wage-and-Hour Law generally must include overtime compensation at a rate of one and one-half times the employees' regular rate of pay for all hours worked in excess of 40 hours per workweek, 12 hours per workday, and/or 12 hours per shift. *See* COMPS Order, Rule 4.

79.     Employers who violate the CWA by failing to pay wages earned by an employee, and who continue to violate the CWA by failing to tender such wages within 14 days of receiving a "written demand" are liable for significant civil penalties. *See* C.R.S. § 8-4-109(3).

80.     Employers who violate the CWA are presumptively liable for attorney's fees and costs incurred by the employee in obtaining their unpaid wages or compensation. C.R.S. § 8-4-110(b).

81.     Employers who violate the CMWA by failing to pay minimum wages and/or overtime compensation for hours worked over 40 hours per workweek, 12 hours per workday, and/or 12 hours per shift are liable for the unpaid minimum wages and/or unpaid overtime compensation, plus reasonable attorney's fees and costs. *See* C.R.S. § 8-6-118.

82.     Southwest violated the CWA by failing to pay Lanclos and the Similarly Situated Workers their hourly wage rates for all of the time that they worked, and by failing to pay overtime compensation to Lanclos and the Similarly Situated Workers at a rate of one and one-half times their regular rates for all of the hours that they worked over 40 hours per workweek, 12 hour per workday, and/or 12 hours per shift. *See* C.R.S. § 8-4-103; COMPS Order, Rules 3 and 4.

83.     Southwest also violated the CMWA by failing to pay Lanclos and the Similarly Situated Workers the Denver minimum wage for all of the time that they worked, and by failing to pay overtime compensation to Lanclos and the Similarly Situated Workers at a rate of one and one-half times the Denver minimum wage for all of the hours that they worked over 40 hours per workweek, 12 hours per workday, and/or 12 hours per shift. *See* C.R.S. § 8-6-101; COMPS Order, Rules 3 and 4.

84.     Southwest knew, or through the exercise of reasonable diligence should have known, that its policy violated Colorado Wage-and-Hour Law and, as a result, Southwest's violations were willful. *See* C.R.S. § 8-4-109(3)(b)(II); *see also* C.R.S. § 8-4-122.

- 12 -

85.      Based on its violations of Colorado Wage-and-Hour Law, Southwest is liable to Lanclos and the Similarly Situated Workers for unpaid minimum wages and unpaid overtime compensation, mandatory penalties under C.R.S. § 8-4-109(3)(b)(I) (if full payment of all wages is not tendered within 14 days of Southwest's receipt of this Complaint), additional penalties under C.R.S. § 8-4-109(3)(b)(II), reasonable attorney's fees, and the costs incurred by Lanclos and the Similarly Situated Workers in this action. *See* C.R.S. §§ 8-4-109(3)(b), 8-4-110; C.R.S. § 8- 6-118.

### SECOND CLAIM FOR RELIEF—FAILURE TO PROVIDE REST BREAKS AS TO LANCLOS AND THE CLASS MEMBERS

86.      Lanclos incorporates all allegations in paragraphs 1 to 69.

87.      Under Colorado Wage-and-Hour Law, employers must "authorize and permit a compensated 10-minute rest period for each 4 hours of work, or major fractions thereof." COMPS Order, Rule 5.2.

88.      COMPS Order 5.2.4 requires:

When an employee is not authorized and permitted a required 10-minute rest period, his or her shift is effectively extended by 10 minutes without compensation. Because a rest period requires 10 minutes of pay without work being performed, work during a rest period is additional work for which additional pay is not provided. Therefore, a failure by an employer to authorize and permit a 10-minute compensated rest period is a failure to pay 10 minutes of wages at the employee's agreed-upon or legally required (whichever is higher) rate of pay.

89.      Southwest failed to authorize and permit Lanclos and the Similarly Situated Workers to take a 10-minute rest period when they worked in Colorado.

90.      Southwest violated Colorado law by not authorizing or permitting Lanclos and the Similarly Situated Workers to take a 10-minute rest period for each 4 hours of work.

91.      Under Colorado Wage-and-Hour Law, an employee who works during what should be a rest period and is not provided additional pay that unprovided rest period has received less than the legal minimum wage for all hours worked.

92.      Thus, these employees are entitled to monetary damages for providing the employer with an equivalent number of minutes of work to without additional compensation.

93.      Southwest knew, or through the exercise of reasonable diligence should have known, that its policy violated Colorado Wage-and-Hour Law and, as a result, Southwest's violations were willful.

94.     Therefore, Lanclos and the Similarly Situated Workers are entitled to ten minutes of wages for each rest period that they failed to receive.

### RELIEF SOUGHT

Lanclos, individually and on behalf of the Similarly Situated Workers, prays that the Court:

a.     Certify a class action under C.R.C.P. 23;

b.     Appoint Lanclos as representative of the C.R.C.P. 23 class;

c.     Appoint Lanclos's counsel as counsel for the C.R.C.P. 23 class;

d.     Find Southwest liable for violations of Colorado Wage-and-Hour Law;

e.     Award all unpaid minimum wages, unpaid overtime compensation, liquidated damages, penalties, interest, and/or restitution available to Lanclos and the C.R.C.P. 23 class under Colorado law;

f.     Award attorneys' fees to Lanclos and the C.R.C.P. 23 class;

g.     Award costs of this action to Lanclos and the C.R.C.P. 23 class;

h.     Award pre- and post-judgment interest at the highest rates allowed by law; and

i.     Order such other and further legal and equitable relief the Court deems just, necessary, and proper.

Date:  December 26, 2019

Respectfully submitted,

*/s/ Matthew S. Parmet*

By: _____

**Matthew S. Parmet**, Atty Reg. # 53046
**PARMET PC**
2 Greenway Plaza, Ste. 250
Houston, Texas 77046
Houston, TX 77046
phone  713 999 5200
matt@parmet.law

**Don J. Foty**, Texas Bar No. 24050022
(*seeking admission pro hac vice*)
dfoty@hftrialfirm.com
**Fazila Issa**, Texas Bar No. 24046136
(*seeking admission pro hac vice*)
fissa@hftrialfirm.com
**HODGES & FOTY, LLP**
2 Greenway Plaza, Suite 250
Houston, Texas 77046
Telephone: (713) 523-0001
Facsimile: (713) 523-1116

**Attorneys for Plaintiff**

**JURY DEMAND**

Lanclos demands a trial by jury on all issues.

*/s/ Matthew S. Parmet*
_____

Matthew S. Parmet

# Exhibit A-3

| DISTRICT COURT, CITY & COUNTY OF DENVER, STATE OF COLORADO<br>1437 Bannock Street, Room 203<br>Denver, Colorado 80202 | |
|---|---|
| | DATE FILED<br>December ▲ **COURT USE ONLY** ▲<br>CASE NUMBER: 2024CV34014 |
| Plaintiff: **Matthew Lanclos**<br><br>v.<br><br>Defendant(s): **Southwest Airlines Co** | Case No.: 24CV34014<br>Courtroom:  203 |
| **DELAY REDUCTION ORDER** | |

All civil courtrooms are on a delay reduction docket.

**IF AN ATTORNEY OR PRO-SE PARTY FAILS TO COMPLY WITH THIS ORDER, THE COURT MAY DISMISS THE CASE WITHOUT PREJUDICE.  THIS ORDER IS THE INITIAL NOTICE REQUIRED BY C.R.C.P 121 § 1-10, AND C.R.C.P. 41(B)(2).**

A. In all civil actions, the following deadlines must be met:

1. **Service of Process:**  Proof of service of process under C.R.C.P. 4 for all defendants must be filed within **63 days** after the date of filing of the complaint. After **63 days**, the action may be dismissed by the Court against any defendant for whom proof of service has not been filed.

2. **Default:**  The Clerk of Court shall enter a Clerk's Default against defaulting defendants under C.R.C.P. 55(a) within fourteen (14) days after default has occurred absent an application for entry of Clerk's Default by Plaintiff.

   Motions for entry of default judgment, or a short statement that describes why an entry of default judgment under C.R.C.P. 55(b) is inappropriate at this time, must be filed within **14 days** after default has occurred and must comply with C.R.C.P. 121 § 1-14. Motions must also include a Certificate of Mailing to all parties against whom default judgment is sought.

   Reasonable inquiry regarding a person's military status requires confirmation through the Department of Defense's Servicemembers Civil Relief Act website (https://scra.dmdc.osd.mil) or equivalent confirmation.

3. **Trial Setting:**  The Responsible Attorney as defined in C.R.C.P. 16(b)(2) must file and serve a Notice to Set the case for trial and must

1

complete the setting of the trial no later than **14 days** from the date the case is at issue. <u>You must include in your notice how many days for trial and whether jury trial or court trial.</u> (Note: this is a shorter timeframe than would otherwise be required by C.R.C.P. 16.1(g).)  A case is "at issue" when: (a) all parties have been served and have filed all pleadings permitted by C.R.C.P. 7; or (b) defaults or dismissal have been entered against all non-appearing parties; or (c) at such other time as the Court directs.  **Setting days and hours are Tuesday, Wednesday, and Thursday from 10:00 a.m. to 12:00 p.m.**

4.   <u>Cases filed under **C.R.C.P. 16:**</u>

   a) **Case Management Conference:**  The notice to set trial must also include a notice to set a Case Management Conference as required by C.R.C.P. 16(d)(1), to be held no later than **49 days** after the case is at issue.

   b) **Proposed Case Management Order:**  At least **7 days** before the Case Management Conference, the parties must file, in editable format, a proposed Case Management Order consisting of the matters set forth in C.R.C.P. 16(b)(1)-(17) and take all necessary actions to comply with those subsections.

   c) **Waiver of Case Management Conference:**  If all parties are represented by counsel, a joint request to waive the case management conference may be included in the proposed Case Management Order, but unless such a request has been granted, counsel and any unrepresented parties should plan on appearing for the case management conference.

5.   <u>Cases filed under **C.R.C.P. 16.1:**</u>

   a) **Certificate of Compliance:**  Not later than **49 days** after the case is at issue, the Plaintiff (or the Responsible Attorney) must file a Certificate of Compliance as required under C.R.C.P. 16.1(h).  No Case Management Order or Case Management Conference is required.

B:   Additionally, in all civil actions, the following provisions apply:

**Service of this Order:**  The Plaintiff or Responsible Attorney must send a copy of this order to all other parties who enter an appearance.

**Related Cases:**  An attorney entering an appearance in this case who is aware of a related case is ordered to complete and file in this case an Information Regarding Related Case(s) form, available in Room 256 of the City and County Building or online at: https://www.courts.state.co.us/userfiles/file/Information_Regarding_Related_Cases_Form(1).doc

2

C:    If any party or witness will require an interpreter, please notify the Courtroom Clerk as soon as possible and in no event later **ninety-one (91) days before the trial date**.

Done: December 30, 2024.                **BY THE COURT:**

_____
Jill D. Dorancy
District Court Judge

# Exhibit A-4

| DISTRICT COURT, CITY & COUNTY OF DENVER, STATE OF COLORADO<br>1437 Bannock Street<br>Denver, CO 80202 | DATE FILED<br>December 30, 2024 8:36 AM<br>CASE NUMBER: 2024CV34014<br>▲ COURT USE ONLY ▲ |
|---|---|
| **Plaintiff**: Matthew Lanclos<br><br>v.<br><br>**Defendants**: Southwest Airlines Co | Case No.: 24CV34014<br><br>Courtroom: 203 |
| **PRE-TRIAL ORDER AND DISCOVERY PROTOCOL** | |

**THIS PRE-TRIAL ORDER AND DISCOVERY PROTOCOL APPLIES TO ALL CASES ASSIGNED TO THIS COURTROOM.**

**Plaintiff's counsel or *pro se* Plaintiff shall serve copies of this Pre-trial Order and Discovery Protocol upon Defendant(s) and all future counsel/parties in this case.** A certification of compliance with this requirement of the Order shall be filed within 7 days of providing notice.

## PRE-TRIAL ORDER

### I.   *PRO SE* PARTIES

1. Parties appearing without counsel are directed to contact **Colorado Legal Services / Metro Volunteer Lawyers, 1905 Sherman Street, Suite 400, Denver, Colorado, 80203, Phone (303) 837-1313** to determine whether  they qualify for free or reduced-cost legal representation.

2. On *pro se* cases, the Court orders the Responsible Attorney, as defined in C.R.C.P.  16(b)(2), to notice the case for a Case Management Conference. *See also* C.R.C.P. 16.1(j).

3. This Division requires Case Management Conferences in all cases in which one or more parties are proceeding *pro se,* whether the case is governed by C.R.C.P. 16 or C.R.C.P. 16.1.

### II.   CASE MANAGEMENT ORDER

1. All parties shall participate, in good faith, in preparing the Proposed Case Management Order pursuant to C.R.C.P. 16(b).  To the extent that any party does not so participate, those circumstances shall be explained in the Proposed Case Management Order.

### III. <u>CASE MANAGEMENT CONFERENCE</u>

1.  Pursuant to the Delay Reduction Order, the Responsible Attorney's notice to set the case for trial shall also include a notice to set a case management conference, to be held no later than 49 days after the case is at issue. The clerk is available to set trials and case management conferences on Tuesdays, Wednesdays, and Thursdays between 10:00 a.m. and 12:00 noon. The Responsible Attorney shall call the Court on the day and time designated in the notice to set, receive potential dates from the Court for both trial and the case management conference, confer with all parties regarding the dates, and promptly notify the Court of which dates the parties have selected.

2.  Unless otherwise ordered, lead counsel and unrepresented parties, if any, shall attend the case management conference. If all parties are represented by counsel, counsel may timely submit a proposed order and jointly request the Court to dispense with a case management conference pursuant to C.R.C.P. 16(d)(3). However, unless and until such a request has been granted, counsel and any unrepresented parties should plan on appearing for the case management conference.

3.  At the conference, parties and counsel shall be prepared to discuss the proposed order, issues requiring resolution, and any special circumstances of the case.

### IV. <u>TRIAL SETTINGS</u>

1.  No case will be set to commence trial more than **a year from the filing of the complaint or other initiating pleading or for longer than 15 days** without the Court's permission. Before permission is granted, there may be a conference between counsel and the Court as to why a later trial date or longer trial is necessary.

2.  Motions to continue trial dates, even if stipulated, will not be granted as a matter of course, and will only be granted for good cause shown. Unless and until any such motion is granted, counsel shall continue to prepare for trial.

### V. <u>DUTY TO CONFER</u>

1.  The Court expects complete and good faith compliance with C.R.C.P. 121, § 1-12(1) and (5), and § 1-15(8). C.R.C.P. 121 § 1-15(8) states that "moving counsel and any self-represented party shall confer with opposing counsel and any self-represented parties before filing a motion." The Rule requires the parties to identify and attempt to resolve emerging issues before

2

engaging in motions practice.

2. The word "shall" in Rule 121 § 1-15(8) is a mandatory requirement. Before filing a motion, the moving party must confer with any potentially opposing party, as detailed above.

3. Counsel are expected to initiate efforts to confer long enough before the anticipated filing date to enable two-way communication. Certification that a telephone call, e-mail or other form of written communication was directed to opposing counsel fewer than 24 hours before the pleading was filed and that "no response" was received is not a good faith effort.

4. It is the expectation of the Court that counsel confer either face-to-face or on the telephone; the Court regards a letter or e-mail message to constitute "notice," but not a sufficient attempt to confer.

5. If attempts to confer are unsuccessful, the certification must describe the attempts in detail.

6. The Court expects that counsel will conduct themselves in a civilized professional manner and will treat jurors, parties, witnesses, Court staff and one another with courtesy and respect at all times.

## VI.   **WRITTEN MOTIONS AND FILINGS**

1. It is the expectation that all motions, briefs, and other written submissions filed with the Court are the original work of the attorney or attorneys who sign the pleading. If Chat GPT or other AI is used to generate any written product filed with the Court, a notice shall appear on the first page of the filing indicating that AI was used to generate all or part of the filing, as well as the specific portions of the filing (e.g., page number and paragraphs or lines) which contain the AI-generated content.

## VII.   **DISCOVERY AND DISCOVERY MOTIONS**

1. Discovery shall be conducted in accordance with the attached Order for Discovery Protocol.

2. If there is a discovery dispute, counsel is expected to confer in a meaningful way to try to resolve it, in whole or in part. *See* § V, supra.

3. If the parties need immediate resolution of a discovery issue, and if the issue is relatively discrete, including one that arises during a deposition, they are encouraged to call the Court at (303) 606-2389, and every effort

will be made to hear the matter orally and immediately via telephone or Webex, or on as expedited a basis as possible.

## VIII. <u>MOTIONS PURSUANT TO C.R.C.P. 56</u>

1. **<u>Summary Judgment only</u>: <u>All</u>** motions for summary judgment must be filed no later than **91 days (13 weeks) before trial and <u>there shall be no separate deadline for the filing of cross-motions</u>** notwithstanding **C.R.C.P. 56.** The Court will generally not grant extensions of time to file summary judgment motions. This is because the late filing of motions for summary judgment or repeated granting of extensions of time to file such motions or opposing briefs, does not permit the Court sufficient time to rule in advance of trial. Failure to comply with the motions deadlines stated in this order may result in a delayed ruling or no ruling from the Court before trial.

2. **<u>Motions, Page Limits, and Exhibits:</u>** These procedures contemplate the filing of a single motion for summary judgment by a party. The sections of a motion/response/reply discussed below that address facts will not count toward the page limit outlined in C.R.C.P. 121 § 1-15(1)(a). Additionally, the case caption, signature block, certificate of service, and attachments will not count toward the page limit.

3. **<u>Exhibits</u>**: Exhibits attached to a motion for summary judgment, a response in opposition, or a reply must follow the following format. Defendant must label his/her/their/its exhibits by letters: A, B, C…Z, AA, BB, etc. Plaintiff must designate his/her/their/its exhibits by numbers: 1, 2, 3, 4, etc.

   When filing any exhibits in support of, or opposition to, a motion, the party must label the exhibit and include its title so that the description appears in the register of actions. For example: "Ex. A, John Smith Decl." "Ex. 3, Sales Contract." "Ex. F, Plaintiff Depo."

   **The parties are hereby ordered to deliver to the courtroom a courtesy copy of all exhibits in a 3-ring binder(s) with labels, tabs and indexed, within 3 business days of a submission relative to the dispositive motion(s), response and/or reply. The parties are independently required to upload all exhibits in ICCES. If a party is unclear as to whether a binder is necessary, they can contact courtroom staff for confirmation.**

4. **<u>Motions Format:</u>**

   ***Facts Section.*** The moving party must use the following format: the movant must create a section of the motion titled "Statement of

Undisputed Material Facts" and must set forth in simple, declarative sentences, separately numbered and paragraphed, each material fact which the movant believes is not in dispute and which supports movant's claim that movant is entitled to judgment as a matter of law. The movant must avoid adding unnecessary adjectives or adverbs to his or her material facts. In general, the Court finds such descriptors vague and unhelpful to adjudicate summary judgment motions.

Each separately numbered and paragraphed fact must be accompanied by a specific reference to material in the record which establishes that fact. General references to pleadings, depositions, or documents are insufficient if the document is over one page in length. A "specific reference" means the title of the document (e.g., "Exhibit A, Pl. Depo.") and a specific paragraph or page and line number; or, if the document is attached to the motion, the paragraph or page and line number.

***Legal Argument Section.*** For each claim for relief or defense as to which judgment is requested, the motion must: (a) identify which party has the burden of proof; (b) identify each element that must be proved; (c) for each identified element, identify the material undisputed facts that prove that element and the pinpoint location in the filed record; or (d) if the respondent has the burden of proof, identify the elements which the movant contends the respondent cannot prove (with reference to the record).

5. **Response Format**:

***Facts Section.*** Any party opposing the motion for summary judgment must create a section of the response titled "Response to Statement of Undisputed Material Facts," and must respond by deeming the facts "undisputed," "disputed," or "undisputed for purposes of summary judgment." Each response must be made in separate paragraphs numbered to correspond to movant's paragraph numbering. A "disputed" response must address the fact as tendered by the movant, not a fact that the non-movant wishes had been tendered. Proper responses to a "disputed" fact should be limited to an argument that (1) the particular parts of materials in the record don't establish the absence or presence of a genuine dispute; or (2) the movant cannot produce admissible evidence to support the fact. The response must be accompanied by a brief factual explanation to support the dispute.

**If the non-movant fails to properly address the other party's assertion of fact as required here, the Court generally will consider the fact undisputed for purposes of the motion.**

If the party opposing the motion believes that there are additional disputed (or undisputed) facts which it has not adequately addressed in the submissions made in the facts section, the party must create a separate section of the response titled "Statement of Additional Disputed (or Undisputed) Facts," and must set forth in simple, declarative sentences, separately numbered and paragraphed, each additional material undisputed/disputed fact which undercuts movant's claim that it is entitled to judgment as a matter of law. Each separately numbered and paragraphed fact must be accompanied by a specific reference to material in the record which establishes the fact or at least demonstrates that it is disputed/undisputed.

***Legal Argument Section.*** The response must utilize the same format for each claim/defense as set forth above: (a) if the respondent disputes the statement of the burden of proof on necessary elements, it must identify such as disputed and must provide supporting legal authority. (b) If the movant has the burden of proof, the respondent must identify all elements for which there are disputed material facts, as well as provide a brief explanation of the reason(s) for the dispute and specific references to supportive evidence in the record appendix. Stipulation to facts not reasonably in dispute is highly encouraged. (c) If the respondent has the burden of proof, for each element identified by the movant as lacking proof, the respondent should identify the facts and their location in the record that establish that element.

6. **Reply Format:**

***Facts Section.*** At the beginning of the reply, the movant must list the facts that are undisputed and disputed by their respective paragraph number.

The movant must create a section titled "Reply Concerning Undisputed Facts" and must include any **factual** reply regarding the facts asserted in its motion to be undisputed, supported by specific references to material in the record. The reply will be made in separate paragraphs numbered according to the motion and the opposing party's response.

The movant must create a section titled "Response Concerning Disputed Facts" to respond to those facts claimed to be in dispute, and either admit that the fact is disputed or supply a brief factual explanation for its position that the fact is undisputed, accompanied by a specific reference to material in the record which establishes that the fact is undisputed. The movant's response to undisputed fact must be done in paragraphs numbered to correspond with the opposing party's paragraph numbering.

6

***Legal Argument Section.*** The movant must respond to the legal arguments made by the respondent and must not raise new issues.

Finally, legal argument is not permitted in the factual sections of the motion/response/reply and should be reserved for the legal argument section(s) of the documents. If, for example, a party believes that an established fact is immaterial, that argument must go in the legal argument section, and the fact should be admitted. If, on the other hand, a party believes that the reference to material in the record does not support the claimed fact, that fact may be disputed accompanied by a brief *factual* argument made under these procedures.

## IX.  OTHER MOTIONS

1. **Extensions of Discovery Deadlines:** Stipulated agreements to extend the dates for filing discovery responses, objections, and disclosures of no more than 7 days do not need to be filed with the Court.  Extensions for more than 7 days, even if stipulated, will be granted only upon a showing of extraordinary circumstances.

2. **Motions *in Limine***: Motions *in limine* must be filed **no later than 35 days before trial** unless a different time is permitted by court order, and any responses shall be filed **within 7 days of the motion being filed.** No replies shall be filed as to motions *in limine*. **Motions *in limine* shall be filed as an omnibus motion *in limine* combining all motions in a single filing**. Motions *in limine* that do not comply with this Order may be summarily denied.

3. **Expert Challenges:** Motions challenging expert testimony pursuant to C.R.E. 702 must be filed **no later than 70 days before trial**, with responses filed no later than 49 days before trial. The Court will decide whether a hearing will be necessary.

4. **Other Pretrial Motions:** All other pretrial motions must be **filed not later than 35 days before trial**, unless otherwise ordered by the Court, with responsive briefs due **within 7 days of the motion being filed**. If an expedited ruling is desired, the moving party must specifically request an expedited schedule in the original motion and the moving party must contact the Clerk of Courtroom 203 to advise of this request. The Court may sua sponte expedite the briefing schedule pursuant to C.R.C.P. 121 § 1-15.

5. The Court may rule on motions without hearing, pursuant to C.R.C.P. 121, or the Court may order a hearing prior to trial.

6. Motions are to be accompanied by a brief or recitation of legal authority. There will then be a response, and a reply (except as to a motion *in limine*), unless this Court modifies the briefing pursuant to C.R.C.P. 121. No other briefs relating to a given motion will be accepted for filing unless permitted by Court Order. **Do not combine motions, other than Motions in Limine, or incorporate your own motions into a response or reply as this makes it difficult for the Court to properly determine when the motion may be ripe. Motions combined with another motion or a response or reply may be stricken.**

7. The requirements of C.R.C.P. 121 § 1-15 concerning the time for filing motions and the content and length of briefs will be strictly enforced. The Court may expedite the briefing schedule pursuant to C.R.C.P. 121 § 1-15.

## X.    TRIAL MANAGEMENT ORDER AND CONFERENCES

1. The Trial Management Order ("TMO") must comply strictly with the requirements of C.R.C.P. 16 or C.R.C.P. 16.1, as amended, and must be filed at least **28 days before trial**. **ALL parties must participate in the preparation of the TMO.**

2. Should the parties be unable to agree on the proposed TMO or if counsel believes it would be helpful, a Trial Management Conference may be scheduled upon notice, to be attached to the proposed TMO submitted. The Court will contact counsel approximately 30 days before trial to inquire whether the parties desire a Trial Management Conference, and if so, to schedule one. The Court will expect lead counsel to attend any Trial Management Conference, and to be prepared to discuss, in addition to any issues with the TMO itself, any issues or concerns arising under §§ VII – XIV of this Order.

3. Counsel should be aware that when the Court has multiple trials ready to be tried on a particular date, the presence and timeliness of a TMO is one criterion used to determine priority.

## XI.    PRE-TRIAL CONFERENCE

1. At the time the parties set the matter for trial, the Court may also provide dates for a pretrial conference no later than 7 days before trial. The parties are required to attend the pretrial conference **in person** to address any issues prior to trial.

## XII.    BEFORE TRIAL

1. **Exhibits:** All exhibits must be pre-marked. The parties are strongly

encouraged to cooperate in submitting a single set of exhibits, enumerated with numbers. If the parties are unable to submit a single set of exhibits, Plaintiffs shall use numbers 1 – 1,000 and defendants shall use numbers 1,001 – end to designate their exhibits. The parties shall not mix numbers and letters, even for related exhibits (e.g. 1(a), 1(b), 1(c), etc.).

The parties shall exchange copies of their pre-marked exhibits, including demonstrative exhibits, **no later than 21 days** before trial. **Authenticity of all identified and exchanged exhibits shall be deemed admitted unless objected to in writing no later than 14 days after receipt of the exhibits. In any event, objections shall be due no later than 7 days before trial.**

The Court expects counsel to stipulate to the admission of every exhibit as to which there is not a good faith objection. Only where counsel has not had a reasonable opportunity to view an exhibit in advance will trial be interrupted for such a review.

Counsel must also provide at least three (3) complete sets of exhibits, whether stipulated or not: One for the Court, one for each opposing side's counsel, and one for the witness stand (which will be the official copy that goes to the jury).

**Please note the specific procedures regarding the handling of exhibits post-trial or post-hearing, at § XVII(8), *infra*.**

2.  **<u>Exhibit Lists</u>:** Each counsel shall prepare an index of exhibits that counsel expects of offer, in a grid or spreadsheet format, that identifies with specificity the exhibit by number, date of the exhibit, and description. The exhibit list shall specify whether or not the exhibit is received by stipulation, and shall include columns with the headings "Stipulated," "Offered," and "Admitted."

3.  **<u>Witness lists</u>:** Each counsel shall prepare a list of witnesses that will and may be called that the Court can read to the jury at the beginning of the trial. This list shall be in addition to any prior designation of witnesses, including that in the TMO. In addition to listing the names of the witnesses, the list may also specify the witnesses' title or degree and employment (e.g. Dr. Murray, M.D., Children's Hospital) but no other identifying information should be included (e.g. address, phone number etc.).

4.  **<u>Orders of Proof</u>:** The Court shall provide the parties with an Order of Proof template which the parties shall complete and file with the Court no

later than 7 days before the scheduled trial. The time estimates must include the time for re-direct if anticipated. In no event may the cumulative time for witness examination exceed the time allocated for presentation of the trial; the total time allocation shall also account for the time necessary for jury selection, opening statements, regularly scheduled breaks, the jury instruction conference, and closing arguments. The Court reserves the right to enforce the time estimates stated in the Order of Proof.

5. **The witness list and order of proof shall be filed no later than 7 days before the commencement of the trial. PLEASE SEE ATTACHED TEMPLATE WHICH, UPON REQUEST, CAN BE TRANSMITTED TO THE PARTIES IN EDITABLE FORMAT.**

6. **<u>Depositions</u>:** The showing of videotaped depositions or the reading of depositions in lieu of live testimony is strongly discouraged. However, if you are going to use depositions in lieu of live testimony, opposing counsel must be notified by proper identification of designated portions **no later than 28 days prior to trial.** Any other party may then provide the parties with its designations **no later than 14 days before the trial date,** with all reply designations by the proponent then made **no later than 7 days before the trial date.** Objections to all or part of the deposition testimony offered must be made not later than **3 days prior to trial** and must cite page, line, and the specific evidentiary grounds supporting the objection. In all other respects, C.R.C.P. 16(f)(3)(VI)(D) shall be complied with, including providing a copy of the deposition, with the proposed testimony highlighted, to the Court at least **3 days prior to trial. The same rules apply to both videotaped and transcribed depositions.** When applicable, counsel is required to provide someone to read testimony.

While C.R.C.P. 32(a)(2) and (3) permit the use of certain depositions for purposes other than impeachment of a deponent under certain circumstances, any extended use at trial requires that the witness be listed in the Joint Order of Proof.

Original depositions will remain sealed until counsel request at trial that they be unsealed. Before trial begins, you must give the Court copies of all depositions likely to be used at the trial, as either direct evidence or impeachment.

7. **<u>Special Equipment</u>:** If you need a computer, projector, VCR, extension cord, a monitor, a screen, or any other form of digital or audio-visual equipment, you must provide it. The parties are encouraged to share in the use of a single system, rather than each having separate projectors,

monitors, screens, etc. Contact the Court clerk prior to the trial date to arrange the setup and testing of any such equipment.

## XIII.  **TRIAL BRIEFS**

1. Trial briefs may be filed, although they are discouraged for jury trials unless they address evidentiary issues for the Court to be prepared to address. They should be concise and should not repeat previously filed pleadings or motions. Trial briefs must be filed no later than 7 days before the trial date.

## XIV.  **JURY INSTRUCTIONS**

1. **Stipulated Jury Instructions and Verdict Forms:** Counsel are required to meet and confer in a good faith effort to stipulate to jury instructions and verdict forms. Counsel for the first party to demand a jury (and whose demand has not been withdrawn) is required to submit a joint proposed initial draft of the final jury instructions directly to the Court **via e-mail** to 02courtroom203@judicial.state.co.us and file such stipulated jury instructions and verdict forms **no later than 7 days before trial**. The Court has already prepared the following instructions: 3:1, 3:4, 3:8, 3:9, 3:12, 3:14, 3:15, 3:16, 4:1, 4:1A, 4:2, 4:2A, 5:1 and 5:6. By initial draft, the Court means a single document that includes the instructions the instructions to which all parties have stipulated, and any additional or disputed instructions of any party, as discussed below.

2. **Please note: the Court does not need, nor will it accept, basic introductory or closing instructions, oaths, admonitions, lengthy annotations, or similar instructions, or the instructions listed above that the Court has already prepared.**

3. Unless a stipulation can be reached, counsel for both parties shall be responsible for submitting their own version of a proposed 2:1 instruction under the "Claims of the Parties" instruction. The Court will either choose between those submitted instructions or prepare its own.

4. If counsel cannot agree on the wording of other instructions then both counsel shall submit instructions defining applicable stipulations, claims, standards of proof, affirmative defenses, damages, and special definitions under the appropriate sections. All proposed instructions shall be contained in the single set provided to the Court. If Plaintiff proposes a disputed instruction, Defendant's position shall be included immediately below on the same page.

5. Additional instructions may be submitted. However, the Court **does not** favor, and rarely gives, special instructions patterned after caselaw; any

such instructions shall be submitted separately **via e-mail**, accompanied by a **brief** statement of authority, in compliance with the requirements for the initial draft. All proposed instructions must be organized in substantial compliance with the format utilized by the Court. If either counsel has an objection to a submitted instruction, the nature of the objection shall be **briefly** stated on the initial draft submitted to the Court, along with a **brief** statement of authority.

6. All jury instructions and verdict forms filed electronically with the Court shall be in Microsoft Word format and shall be editable.

## XV. JUROR NOTEBOOKS

1. **Juror Notebooks:** Each trial juror will be provided with a juror notebook by the Court. The Court provides relatively small (1½ inch) binders. They contain introductory information about juror service, the courthouse and its environs, stock instructions such as burden of proof, direct and circumstantial evidence, credibility of witnesses, etc.

   At the pretrial conference, the Court will address whether exhibits will be provided to the jurors. The Court only allows non-voluminous exhibits which have been admitted into evidence to be provided for the jurors to insert into their notebooks. If the Court permits exhibits to be provided to jurors, the proponent must provide enough copies of the exhibits for the jury and any alternates, 3-hole punched and with appropriate dividers with the exhibit numbers on them.

2. **Glossary of Terms**: If there are any scientific or other specialized terms which will be used repeatedly during the trial, those should be set forth, with an agreed-upon definition. If the parties have a legitimate dispute about the definition of any term, just the term should be listed.

3. **Timeline of Events**: If a timeline of events would be helpful for the jury, a stipulated timeline may be included in the juror notebooks.

## XVI. JURY SELECTION

1. The Court will ask general *voir dire* questions before counsel's *voir dire*. The Court's *voir dire* will cover basic background information and qualifications of jurors.

2. Each side will be limited to 20 minutes for *voir dire*, unless additional time is requested and permitted in advance of the first day of trial. In multi-party cases, time must be divided between all parties on one side of the case.

3. Questions that a party would like the Court to ask (because, for example, the issue is sensitive and it would be easier to address if asked by the Court), may be electronically filed **7 days before trial**.

5. Attorney *voir dire* must be conducted from the podium.

6. The Court will preclude the asking of argumentative questions during *voir dire.*

7. There may be one or two alternate jurors seated.  The Court will advise counsel on the first day of trial how the alternate(s) will be designated.

8. Challenges for cause will be exercised at the bench upon the conclusion of all parties' *voir dire.*

## XVII. <u>CONDUCT OF TRIAL</u>

1. **Scheduling/Use of Time**:

   a. The trial day will start at 8:30 a.m. and end at 5:00 p.m.  There will be a morning and an afternoon break of 15 to 20 minutes each.  Lunch will run from approximately noon to 1:30 p.m. on the first day of trial, and noon to 1:00 or 1:15 p.m. on subsequent days.

   b. Counsel and parties will be in court by 8:00 a.m. on the first day of trial so that counsel may discuss anything with the Court that needs to be dealt with before the trial begins.  The Court will typically require that counsel be in court 30 minutes before the jury has been instructed to return on subsequent trial days in order to handle any preliminary issues without inconveniencing the jurors.

   c. Counsel are responsible for having witnesses scheduled so as to prevent any delay in the presentation of testimony or running out of witnesses before 5:00 p.m. on any trial day.  There shall be no more than a five (5) minute delay between witnesses.  If there is, the Court may deem the delaying party to have rested and require any non-delaying party to commence its case in chief.

2. **Opening Statements**:  Each side will be limited to 20 minutes for opening statement, unless additional time is requested and granted.  In multiple-party cases, this time must be divided between the parties on one side of the case.

3. **Questioning Witnesses**:  The Court does not permit questioning beyond re-direct without good cause shown.  All questioning must be done from the podium unless permission is granted to approach the witness or the bench.  Counsel is advised that the FTR recording system in Courtroom

13

203 works best when all counsel and witnesses speak directly into the provided microphones. This ensures the most complete and accurate record of the proceedings, for appellate purposes and otherwise.

4. **Juror Questions:** Juror questions will be permitted when all other questions have been asked of a particular witness. The Court will discuss all juror questions at sidebar with counsel prior to asking them of the witness. Counsel may ask brief follow-up questions after juror questions have been asked, but only as to issues raised by the jurors' questions.

5. **Objections:**

   a. Please make objections professionally: be brief, concise and specific.

   b. Speaking objections are not permitted.

   c. Do not automatically respond to an objection; if the Court wants a response to an objection before ruling on it, the Court will ask for one.

6. **Jury Instruction Conference:** The Court and counsel will work on jury instructions at least one evening during trial, typically after plaintiff has rested, as well as other breaks in the trial. The Court may rely upon counsel to edit jury instructions as necessary, so each should have the equipment and personnel necessary to do so readily available. Once the final jury instructions are assembled, the Court will allow counsel to make a record of their objections to the instructions, and to tender any additional proposed instructions.

7. **Closing Arguments**: Each side will have 30 minutes for closing argument, unless additional time is requested and granted. In multiple-party cases, this time must be divided between the parties on one side of the case.

8. **Uploading Exhibits to CCE Post-Hearing and Post-Trial:** With the advent of electronic filing and electronic submission of the appellate record, the Court no longer maintains custody of hard copies of exhibits at the conclusion of a trial or hearing. However, there must be a record of all exhibits offered and/or received in evidence. Accordingly, **the following mandatory procedures will be followed:**

   a. When the trial or hearing is concluded, each party will withdraw any paper or physical exhibits or depositions which that party marked, whether or not admitted into evidence, from the courtroom.

   b. Each party will maintain in its custody the withdrawn exhibits and/or depositions, without modification of any kind, until 63 days after the

time for the need of such exhibits for appellate or other review purposes has expired, unless all parties stipulate otherwise on the record or in writing. It will be the responsibility of the withdrawing parties to determine when the appropriate time period has expired.

c. **Electronic versions of all exhibits admitted into evidence and all exhibits offered but not admitted into evidence shall be uploaded into CCE by the party which offered the exhibit within 48 hours of the conclusion of the trial or hearing. Alternatively, for voluminous records, a USB flash drive containing the exhibits may be filed with the Clerk's Office in Room 256 within 48 hours of the conclusion of the trial or hearing.** Unless each exhibit uploaded has a clearly legible exhibit sticker which conforms with § XII(1), *supra*, the uploading party shall file a caption sheet indicating the exhibit number or letter(s) which also bears the civil action number of the case. Exhibits which were admitted into evidence shall be uploaded in exactly the form they were in at the conclusion of the evidence, including any markings, notations, etc., added to the exhibit by any witness during testimony.

d. **It is the exclusive responsibility of counsel to diligently follow these procedures, in order to assure that an accurate trial and appellate record is preserved.**

9. **Use of Freelance Court Reporters:** Use of freelance reporters in civil cases shall be governed by Chief Judge Directive 2011-1, Administrative Order Regarding Civil and Family Law Cases.

10. **Interpreters**: If any party or witness will require an interpreter which the Court is required to provide under C.J.D. 06-03 (as amended, June 2011), you must include the need for an interpreter **in the proposed Case Management Order.** You must also notify my clerk of the need for the interpreter, the language needed, and the anticipated date and length of testimony of the witness who is English-language deficient **as soon as possible** and in any event **no later than 91 days before the trial date or hearing**. Failure to do so may result in the Court's inability to schedule an interpreter and, if so, the witness may not be permitted to testify. If interpreter services are no longer needed, you shall notify the Court as soon as possible, but in any event **no later than 72 hours before the trial or hearing**.

# XVIII. SETTLEMENT

1. The parties shall notify the Court within 24 hours of settlement or resolution of their case.

2. All documents confirming settlement of the case, including a stipulation for dismissal with prejudice and a proposed order, shall be filed **not later than 21 days following the date of settlement**, unless otherwise ordered by the Court. If a stipulation for dismissal is not filed within 21 days of the Notice of Settlement, the matter will be administratively closed.

3. In the event the matter is scheduled for a trial within 21 days of the date of settlement, the Court will vacate the trial dates.

   The Court is familiar with the difficulties and anxieties of trial practice. We are here to ensure that the parties have a full and fair opportunity to present their case, with a minimum of unnecessary stress.  Should any questions arise, please contact the Court Judicial Assistant for Courtroom 203 at (303) 606-2389.

IT IS SO ORDERED on this 30th day of December 2024.

**BY THE COURT:**

_____
JILL D. DORANCY
Denver District Court Judge

## ORDER FOR DISCOVERY PROTOCOL

Counsel is reminded that all discovery responses shall be made in the spirit and with the understanding that the purpose of discovery is to elicit facts and to get to the truth. The Colorado Rules of Civil Procedure are directed toward securing a just, speedy and inexpensive determination of every action. The discovery process shall not be employed to hinder or obstruct these goals nor to harass, unduly delay or needlessly increase the cost of litigation.

Please refer to § VII of this Pre-Trial Order for procedures to be followed in the case of a discovery dispute.

## A.    DISCLOSURES & DISCOVERY

This Court requires "robust disclosure[s] followed by limited discovery." *See* C.R.C.P. 26, Official Comment, #20. Discovery shall be conducted pursuant to C.R.C.P. 26, the Colorado Rules of Professional Conduct, and this Pre-Trial Order.

If a party put in its disclosures or responds to a discovery request by indicating that it will provide documents or information subject to an objection, that party must describe with reasonable specificity the documents or information being withheld as a result of the objection. Failure to comply with this requirement may constitute a waiver of the objection. When documents are produced, they must be precisely identified as responsive to a particular discovery request, disclosure or issue in the case. Responding to a discovery request of any kind by producing or generally pointing to a mass of documents is tantamount to not responding at all.

**No Written Discovery Dispute Motions.** No written discovery dispute motions will be accepted. The Court will address all discovery disputes with an in-person discovery hearing instead of by written motions. The purpose of this procedure is to ensure expedited and inexpensive resolution of discovery disputes. The following procedures will be in effect in this case:

a) If there is a discovery dispute, counsel are expected to confer in a meaningful way to try to resolve it. An email sent the night before doesn't qualify.

b) If counsel cannot resolve the dispute, please call the courtroom clerk at 303-606-2389 and set it for a hearing. If the matter is set for a hearing on a discovery dispute, parties shall submit a **joint notice of discovery impasse, no longer than 2 pages, at least forty-eight (48) business hours prior to the scheduled hearing**, apprising the Court of the nature of the dispute. **If a joint notice of discovery impasse is not timely filed, the**

17

**Court will assume the dispute has been resolved and vacate the hearing.**
The Court will review all notices and proceed according to its judgment.

c) If counsel cannot agree on a date, please let the clerk know and the Court will set a hearing date unilaterally.  No discovery dispute hearing may be set less than 30 days before trial without the moving party demonstrating good cause.

d) The dispute will be argued and resolved at the hearing or taken under advisement with a prompt ruling by the Court.

e) When a responding party (not counsel) claims, in good faith, not to understand either a discovery request made in writing or the meaning of any words or terms used in a discovery request made in writing, that party must, within 14 days of receiving the discovery request, seek clarification of the meaning from counsel who served the discovery.  A failure to seek such clarification must be considered a violation of this Order for Discovery Protocol.

f) A discovery response which does not provide the information or material requested but promises to do so at some point in the future will be treated as the equivalent of no response unless the party so responding provides a specific reason for the information not being produced as required by the Rules of Civil Procedure, and also provides a specific date by which such information will be provided.

g) A response to a discovery request that does not provide the information or material requested but rather states that the party is continuing to look for or search for such information or material will be treated as the same as no response unless that party provides a clear description of where such information or material is normally located, who is normally in custody of such information or material, where the party has searched, the results of the search, as well as the identity of all persons who have engaged in such a search.  The responding party must also provide a clear explanation of the ongoing search and a specific date by which the search will be complete.

h) The parties should refrain from interposing boiler-plate type objections such as "overbroad, unduly burdensome, vague, ambiguous, not reasonably calculated to lead to the discovery of admissible evidence" and other similar objections.  In the event any such objections are made, they must be followed by a clear and precise explanation of the legal and factual justification for raising such an objection.  Additionally, if the objecting party otherwise responds to the discovery request but does so subject to or without waiving such an objection, that party must describe with

reasonable specificity the information which may be available, but which is not being provided as a result of the objection raised.

i) When a party objects to a discovery request based upon a claim of attorney/client privilege, work product protection or any other privilege or protection, that party must produce a detailed privilege/protection log that includes at least the following for each such item for which privilege is claimed:

    (1)    The information required by C.R.C.P. 26(b)(5);
    (2)    The date of the information or material;
    (3)    All authors and recipients; and
    (4)    The specific privilege or protection which is claimed.

The proponent of the privilege has the burden of establishing that privilege.

Failure to comply with this subsection (i) and Order for Discovery Protocol will constitute a waiver of the claimed privilege.

## B.    <u>DISCOVERY DEPOSITIONS</u>

Depositions must be conducted in compliance with the Colorado Rules of Civil Procedure. During all depositions, counsel must adhere strictly to C.R.C.P. 30(d)(1) and (3).  No objections may be made, except those which would be waived if not made under C.R.C.P. 32(d)(3)(B) (errors, irregularities), and those necessary to assert a privilege, to enforce a limitation on evidence directed by the Court, or to present a C.R.C.P. 30(d)(3) motion (to terminate a bad faith deposition).

If a dispute occurs during a deposition, please call the Court's clerk and advise them about the nature of the dispute. The Court will address the dispute as quickly as possible.

Objections to form must be stated: "Objection as to form." Any further explanation is inappropriate and prohibited unless specifically requested by the attorney asking the question. There shall be no speaking objections.

It is inappropriate and prohibited for an attorney, during the course of questioning, to advise a witness to answer "if you know," or "if you remember." It is similarly prohibited for an attorney during questioning to advise a witness not to speculate.  All such comments shall be considered speaking objections.

All deponent preparation shall be conducted prior to the commencement of the deposition and shall not take place during the course of the deposition. It is appropriate for the deponent to request clarification of a question.  However, it is not appropriate for counsel to do so.

A deponent and an attorney may not confer during the deposition while questions are pending. Similarly, neither a deponent nor counsel for a deponent may interrupt a deposition when a question is pending or a document is being reviewed, except as permitted by C.R.C.P. 30(d)(1).

Counsel must refrain from excessive objections that have the purpose or effect of disrupting the flow of questioning or the elicitation of testimony. Counsel may instruct the deponent not to answer only when necessary to preserve a privilege, to enforce a limitation on evidence directed by the Court, or to present a motion under paragraph 3 of C.R.C.P. 30(d).

Whenever counsel instructs a witness not to answer a question, counsel must state on the record the specific reason for such an instruction, the specific question, part of a question or manner of asking the question upon which counsel is basing the instruction not to answer the question.

**ORDER OF PROOF TEMPLATE**

| DATE | EVENT | PLAINTIFF | DEFENDANTS | TIME |
|---|---|---|---|---|
| **DAY ONE** | | | | |
| **Day 1:** dd/mm/yy | **Pre-trial Matters + Preliminary Jury Instructions and Questioning** | | | 8:30–10:30am |
| | **Voir Dire** | 20 minutes | 20 minutes | 10:30-11:10am |
| | **Challenges + other preliminary issues** | | | 11:10-12:00pm |
| | **LUNCH** | | | **12:00-1:30pm** |
| | Opening | 20 minutes | 20 minutes | 1:30-2:10 |
| | Witness Name | ___ minutes (including ___ minutes for redirect) | _____ minutes for cross examination | 2:10 – 3:00 |
| | **BREAK** | | | **3:00-3:15** |
| | Witness: | ___ minutes (___ redirect) | _____ minutes for cross | 3:15 - 5:00 |
| **DAY TWO** | | | | |
| **Day 2:** dd/mm/yy | Witness: | ___ minutes (___ redirect) | _____ minutes for cross | 8:30 - 10:15am |
| | **BREAK** | | | **10:15-10:30am** |
| | Witness: | ___ minutes (___ redirect) | _____ minutes for cross | 10:30-_____ |
| | Witness: | ___ minutes (___ redirect) | _____ minutes for cross | _____ - 12:00pm |
| | **LUNCH** | | | **12:00-1:00pm** |

|  | Witness: | ___ minutes (___ redirect) | _____ minutes for cross | 1:00 – _____ |
|---|---|---|---|---|
|  | Witness: | ___ minutes (___ redirect) | _____ minutes for cross | _____ - 3:15pm |
|  | **BREAK** | | | **3:00 – 3:15pm** |
|  | Witness: | ___ minutes (___ redirect) | _____ minutes for cross | 3:15 – 5:00 |
| **DAY THREE** | | | | |
| **Day 3:** dd/mm/yy | Witness: | ___ minutes (___ redirect) | _____ minutes for cross | 8:30 - 10:15am |
|  | **BREAK** | | | **10:15-10:30am** |
|  | Witness: | ___ minutes (___ redirect) | _____ minutes for cross | 10:30-_____ |
|  | Witness: | ___ minutes (___ redirect) | _____ minutes for cross | _____ - 12:00pm |
|  | **LUNCH** | | | **12:00-1:00pm** |
|  | Witness: | ___ minutes for cross examination | ___ minutes (including ___ minutes for redirect) | 1:00 – _____ |
|  | Witness: | ___ minutes for cross | ___ minutes (___ redirect) | _____ - 3:15pm |
|  | **BREAK** | | | **3:00 – 3:15pm** |
|  | Witness: | ___ minutes for cross | ___ minutes (___ redirect) | 3:15 – 5:00 |
| **DAY FOUR** | | | | |

| **Day 4:** dd/mm/yy | Witness: | ___ minutes for cross | ___ minutes (___ redirect) | 8:30 - 10:15am |
|---|---|---|---|---|
| | colspan BREAK | | | **10:15-10:30am** |
| | Witness: | ___ minutes for cross | ___ minutes (___ redirect) | 10:30- _____ |
| | Witness: | ___ minutes for cross | ___ minutes (___ redirect) | _____ - 12:00pm |
| | **LUNCH** | | | **12:00-1:00pm** |
| | Witness: | ___ minutes for cross | ___ minutes (___ redirect) | 1:00 – _____ |
| | Witness: | ___ minutes for cross | ___ minutes (___ redirect) | _____ - 3:15pm |
| | **BREAK** | | | **3:00 – 3:15** |
| | Witness: | ___ minutes for cross | ___ minutes (___ redirect) | 3:15 – 5:00 |

| **DAY FIVE** | | | | |
|---|---|---|---|---|
| **Day 5:** dd/mm/yy | **Read Jury Instructions** | | | 8:30 - 9:30am |
| | Closing Arguments | 20 minutes | 20 minutes | 9:30 – 10:30am |
| | **Jury Deliberations** | | | |

23

# Exhibit A-5

| | |
|---|---|
| DISTRICT COURT<br>CITY AND COUNTY OF DENVER, COLORADO<br><br>Court Address:    1437 Bannock St., Rm. 256<br>                       Denver, CO 80202<br>Court Phone:     303 606 2300 | DATE FILED<br>January 8, 2025 9:44 PM<br>FILING ID: DDF14155D01CB<br>CASE NUMBER: 2024CV34014 |
| **Plaintiff:**<br><br>**MATTHEW LANCLOS, individually and on behalf of all others similarly situated,**<br><br>**v.**<br><br>**Defendant:**<br><br>**SOUTHWEST AIRLINES CO.** | |
| | ▲ COURT USE ONLY ▲ |
| **Applicant Attorney:**<br><br>**Fazila Issa**, Texas Bar No. 24046136<br>(*seeking admission pro hac vice*)<br>fissa@hftrialfirm.com<br>HODGES & FOTY, LLP<br>2 Greenway Plaza, Suite 250<br>Houston, TX 77046<br>Telephone: (713) 523-0001<br>Facsimile: (713) 523-1116<br><br>**Sponsoring Attorney:**<br><br>**Matthew S. Parmet**, Atty Reg. # 53046<br>PARMET PC<br>2 Greenway Plaza, Ste. 250<br>Houston, TX 77046<br>phone  713 999 5200<br>matt@parmet.law | **Case No: 2024CV34014**<br><br>**Div.: 203    Ctrm.: n/a** |
| **CERTIFICATE OF SERVICE** | |

     I certify that on January 8, 2025, a true and correct copy of the foregoing instrument was filed through the Court's electronic case filing which will serve a copy of this document electronically on all counsel of record.

                                     */s/ Matthew S. Parmet*
                                       Matthew S. Parmet

AFFIDAVIT OF SERVICE

P23162017

HODGES & FOTY, LLP    MADISON CRIDDLE
DISTRICT COURT, CITY AND COUNTY OF DENVER, COLORADO

MATTHEW LANCLOS, ETC.

PLAINTIFF

- vs -

SOUTHWEST AIRLINES CO.

DEFENDANT

index No. 2024CV34014
Date Filed
File No.
Court Date:
**AFFIDAVIT OF SERVICE**

STATE OF _Colorado_ , COUNTY OF _Adam_ :SS:

_Tabitha Bellington_ , being duly sworn deposes and says

DATE FILED
January 8, 2025 9:33 PM
FILING ID: 653DF54EBF76D
CASE NUMBER: 2024CV34014

Deponent is not a party herein, is over 18 years of age and resides in the State of _Colorado_ .

On _January 3rd, 2025_ at _1527_ ,

at _C/O The Prentice-Hall Corporation System 1900 W. LITTLETON BOULEVARD  LITTLETON, CO 80120_

_____ ,

deponent served the within **DISTRICT COURT CIVIL SUMMONS, PLAINTIFFS ORIGINAL CLASS ACTION COMPLAINT** on: **SOUTHWEST AIRLINES CO.**, the **DEFENDANT** therein named.

_____ #1 INDIVIDUAL    By delivering a true copy of each to said recipient personally; deponent knew the person served to be the person described as said person therein.

_X_ #2 CORPORATION    By delivering a true copy of each personally to
_Cole Standor_ ,
who provided verbal confirmation that he or she is authorized by appointment or law to receive service on behalf of the **DEFENDANT**.

Deponent knew the person so served to be the _Clerk_
of the corporation, and authorized to accept service on behalf of the corporation.

_____ #3 SUITABLE    By delivering a true copy of each to _____ a
AGE PERSON    person
of suitable age and discretion.
Said premises is **DEFENDANT's: [ ]** actual place of business  **[ ]** dwelling house (usual place of abode) within the state.

_____ #4 AFFIXING    By affixing a true copy of each to the door of said premises, which is
TO DOOR    **DEFENDANT's: [ ]** actual place of business  **[ ]** dwelling house (usual place of abode) within the state.

Deponent was unable, with due diligence to find **DEFENDANT** or a person of suitable age and discretion, having called thereat

on the _____ day of _____    at _____

on the _____ day    at _____
of _____

on the _____ day    at _____
of _____

on the _____ day    at _____
of _____

Address confirmed by

_____ #5 MAIL COPY    On _____ ~~I deposited in the United States mail a true~~ copy of the aforementioned documents properly enclosed and sealed in a post-paid wrapper addressed to the above address. Copy mailed 1st class mail marked personal and confidential not indicating on the outside thereof by return address or otherwise that said notice is from an attorney or concerns an action against the person to be served.

_____ #6 DESCRIPTION    Deponent describes the person served as aforesaid to the best of
(USE WITH #1, 2 OR 3) deponent's ability at the time and circumstances of the service as follows.
Sex:_____    Color:_____    Hair:_____
Age:_____    Height:_____    Weight:_____
OTHER IDENTIFYING FEATURES: _____

_____ #7 WITNESS FEES    The authorized witness fee and / or traveling expenses were paid (tendered) to the **DEFENDANT** in the
amount of $ _____

_____ #8 MILITARY SRVC    Deponent asked person spoken to whether the **DEFENDANT** was presently in military service of the United States Government or of the State of _____ and was informed that **DEFENDANT** was not.

_X_ #9 OTHER    No description, basket in lieu of individual to accept service.

_Tabitha Bellington_

Sworn to before me this
_3_ day of _January_

_____

NOTARY NAME & DATE

Lexitas
1235 BROADWAY 2ND FLOOR
NEW YORK, NY 10001
Reference No: 1-TX1902-23162017

# Exhibit A-6

<table>
<tr><td>

DISTRICT COURT
CITY AND COUNTY OF DENVER, COLORADO

Court Address:   1437 Bannock St., Rm. 256
                  Denver, CO 80202
Court Phone:    303 606 2300

</td><td>

DATE FILED
January 8, 2025 9:38 PM
FILING ID: EBACB5AA8E61B
CASE NUMBER: 2024CV34014

</td></tr>
</table>

| | |
|---|---|
| **Plaintiff:**<br><br>**MATTHEW LANCLOS, individually and on behalf of all others similarly situated,**<br><br>**v.**<br><br>**Defendant:**<br><br>**SOUTHWEST AIRLINES CO.** | |
| | ▲ COURT USE ONLY ▲ |
| **Applicant Attorney:**<br><br>**Don J. Foty**, Texas Bar No. 24050022<br>(*seeking admission pro hac vice*)<br>dfoty@hftrialfirm.com<br>**HODGES & FOTY, LLP**<br>2 Greenway Plaza, Suite 250<br>Houston, TX 77046<br>Telephone: (713) 523-0001<br>Facsimile: (713) 523-1116<br><br>**Sponsoring Attorney:**<br><br>**Matthew S. Parmet**, Atty Reg. # 53046<br>**PARMET PC**<br>2 Greenway Plaza, Ste. 250<br>Houston, TX 77046<br>phone 713 999 5200<br>matt@parmet.law | **Case No: 2024CV34014**<br><br>**Div.: 203**    **Ctrm.: n/a** |

## OUT OF STATE COUNSEL'S VERIFIED MOTION REQUESTING PRO HAC VICE ADMISSION

Pursuant to C.R.C.P. 121 § 1-2 and Rule 205.3, Don J. Foty of the Law Firm of Hodges & Foty, LLP of Houston, Texas moves for pro hac vice admission to practice before this Court in the above-captioned matter.

AS GROUNDS FOR THIS MOTION, Don J. Foty states and shows the Court the following:

1. Under Rule 205.3, an attorney and counselor at law in good standing from any other jurisdiction in the United States may, in the discretion of a Colorado court of record, be permitted to participate before the Court in a trial, argument and other proceeding in the particular case in which the attorney is employed, provided that a member in good standing of the Bar of the State of Colorado is associated in such cause at all stages of the case.

2. Don J. Foty of the Law Firm of Hodges & Foty, LLP is a member in good standing of the Bar in the State of Texas. Don J. Foty is assigned attorney registration or bar admission number 24050022 in the State of Texas.

3. Don J. Foty has been also admitted in the following jurisdictions:

| Name of Court | Admission Date |
|---|---|
| United States District Court for the Southern District of Texas | 05/04/2007 |
| United States District Court for the Eastern District of Texas | 05/25/2008 |
| United States District Court for the Northern District of Illinois | 04/28/2011 |
| United States District Court for the Northern District of Texas | 09/23/2011 |
| United States District Court for the Western District of Texas | 09/04/2012 |
| United States Circuit Court of Appeals for the Fifth Circuit | 11/27/2012 |
| United States District Court for the Eastern District Michigan | 09/19/2013 |
| United States District Court for the District of Colorado | 02/24/2014 |
| United States District Court for the District of North Dakota | 12/30/2015 |
| United States District Court for the District of New Mexico | 05/19/2020 |
| United States Court of Federal Claims | 09/03/2020 |
| United States District Court for the Northern District of Ohio | 05/26/2021 |
| United States District Court for the Western District of Oklahoma | 10/04/2021 |

| United States District Court for the District of Maryland | 01/14/2022 |
|---|---|
| United States District Court for the Southern District of Illinois | 04/22/2022 |
| United States District Court for the Central District of Illinois | 4/22/2022 |
| United States Circuit Court of Appeals for the Seventh Circuit | 1/26/2024 |

4.  Don J. Foty is in good standing in all Bars wherever admitted and has not been subject to any order of discipline or disability by any Bar, or had any request for pro hac vice admission denied or revoked.

5.  Don J. Foty has not previously sought pro hac vice admission in any state court in Colorado.

6.  Don J. Foty acknowledges that he is subject to all applicable provisions of the Colorado Rules of Professional Conduct, the Colorado Rules of Civil Procedure and other court rules, and that he has read such rules and will follow such rules.

7.  Matthew S. Parmet, Atty Reg. # 53046, is a member in good standing of the Bar of the State of Colorado.

8.  Matthew S. Parmet will be present and participate in a meaningful and substantial manner throughout the proceedings and trial of this matter.

9.  Don J. Foty has filed a copy of this motion with the Clerk of the Colorado Supreme Court at the Office of Attorney Registration, 1300 Broadway, Suite 510, Denver, Colorado 80203 and paid the required fee.

10. An affidavit setting forth Don J. Foty's qualifications and compliance is attached.

11. By execution of the attached verifications, the Colorado licensed Sponsoring Attorney and Applicant Attorney verify their association on this matter.

WHEREFORE, Out of State Counsel respectfully requests that the Court admit Don J. Foty pro hac vice, to practice before the Court in this case.

Respectfully submitted on January 8, 2025.

_____/s/ Don J. Foty_____

Don J. Foty
Texas State Bar No. 24050022
Hodges & Foty, LLP
2 Greenway Plaza, Suite 250
Houston, TX 77046
(713) 523-0001

 and

*/s/ Matthew S. Parmet*
_____

Matthew S. Parmet
Atty Reg. # 53046
Parmet PC
2 Greenway Plaza, Suite 250
Houston, TX 77046
(713) 999-5200

## VERIFICATION

I declare under penalty of perjury under the law of Colorado that the foregoing Out of State Counsel's Verified Motion Requesting Pro Hac Vice Admission is true and correct, signed by Matthew S. Parmet, Atty Reg. # 53046, on January 8, 2025.

*/s/ Matthew S. Parmet*
_____

Matthew S. Parmet

## VERIFICATION

I declare under penalty of perjury under the law of Colorado that the foregoing Out of State Counsel's Verified Motion Requesting Pro Hac Vice Admission is true and correct, signed by Don J. Foty, Texas State Bar No. 24050022, this eighth day of January 2025.

_____*/s/ Don J. Foty*_____

Don J. Foty

<u>CERTIFICATE OF SERVICE</u>

     I certify that on January 8, 2025, a true and correct copy of the foregoing instrument was filed through the Court's electronic case filing which will serve a copy of this document electronically on all counsel of record.

                                              <u>*/s/ Matthew S. Parmet*</u>
                                              Matthew S. Parmet

# Exhibit A-7

| | |
|---|---|
| DISTRICT COURT<br>CITY AND COUNTY OF DENVER, COLORADO<br><br>Court Address:    1437 Bannock St., Rm. 256<br>                          Denver, CO 80202<br>Court Phone:      303 606 2300 | DATE FILED<br>January 8, 2025 9:44 PM<br>FILING ID: DDF14155D01CB<br>CASE NUMBER: 2024CV34014 |
| **Plaintiff:**<br><br>**MATTHEW LANCLOS, individually and on behalf of all others similarly situated,**<br><br>**v.**<br><br>**Defendant:**<br><br>**SOUTHWEST AIRLINES CO.** | ▲ COURT USE ONLY ▲ |
| **Applicant Attorney:**<br><br>**Fazila Issa**, Texas Bar No. 24046136<br>(*seeking admission pro hac vice*)<br>fissa@hftrialfirm.com<br>HODGES & FOTY, LLP<br>2 Greenway Plaza, Suite 250<br>Houston, TX 77046<br>Telephone: (713) 523-0001<br>Facsimile: (713) 523-1116<br><br>**Sponsoring Attorney:**<br><br>**Matthew S. Parmet**, Atty Reg. # 53046<br>PARMET PC<br>2 Greenway Plaza, Ste. 250<br>Houston, TX 77046<br>phone  713 999 5200<br>matt@parmet.law | **Case No: 2024CV34014**<br><br>**Div.: 203      Ctrm.: n/a** |
| **OUT OF STATE COUNSEL'S VERIFIED MOTION REQUESTING<br>PRO HAC VICE ADMISSION** | |

Pursuant to C.R.C.P. 121 § 1-2 and Rule 205.3, Fazila Issa of the Law Firm of Hodges & Foty, LLP of Houston, Texas moves for pro hac vice admission to practice before this Court in the above-captioned matter.

AS GROUNDS FOR THIS MOTION, Fazila Issa states and shows the Court the following:

1. Under Rule 205.3, an attorney and counselor at law in good standing from any other jurisdiction in the United States may, in the discretion of a Colorado court of record, be permitted to participate before the Court in a trial, argument and other proceeding in the particular case in which the attorney is employed, provided that a member in good standing of the Bar of the State of Colorado is associated in such cause at all stages of the case.

2. Fazila Issa of the Law Firm of Hodges & Foty, LLP is a member in good standing of the Bar in the State of Texas. Fazila Issa is assigned attorney registration or bar admission number 24046136 in the State of Texas.

3. Fazila Issa is in good standing in all Bars wherever admitted and has not been subject to any order of discipline or disability by any Bar, or had any request for pro hac vice admission denied or revoked.

4. Fazila Issa has not previously sought pro hac vice admission in Colorado.

5. Fazila Issa acknowledges that she is subject to all applicable provisions of the Colorado Rules of Professional Conduct, the Colorado Rules of Civil Procedure and other court rules, and that she has read such rules and will follow such rules.

6. Matthew S. Parmet, Atty Reg. # 53046, is a member in good standing of the Bar of the State of Colorado.

7. Matthew S. Parmet will be present and participate in a meaningful and substantial manner throughout the proceedings and trial of this matter.

8. Fazila Issa has filed a copy of this motion with the Clerk of the Colorado Supreme Court at the Office of Attorney Registration, 1300 Broadway, Suite 510, Denver, Colorado 80203 and paid the required fee.

9. An affidavit setting forth Fazila Issa's qualifications and compliance is attached.

10. By execution of the attached verifications, the Colorado licensed Sponsoring Attorney and Applicant Attorney verify their association on this matter.

WHEREFORE, Out of State Counsel respectfully requests that the Court admit Fazila Issa pro hac vice, to practice before the Court in this case.

Respectfully submitted on the 7th day of January, 2025.

/s/ *Fazila Issa*
Fazila Issa
Texas State Bar No. 24046136
Hodges & Foty, LLP
2 Greenway Plaza, Suite 250
Houston, TX 77046
(713) 523-0001

 and

/s/ *Matthew S. Parmet*
Matthew S. Parmet
Atty Reg. # 53046
Parmet PC
2 Greenway Plaza, Ste. 250
Houston, TX 77046
phone 713 999 5200

## VERIFICATION

I declare under penalty of perjury under the law of Colorado that the foregoing Out of State Counsel's Verified Motion Requesting Pro Hac Vice Admission is true and correct, signed by Matthew S. Parmet, Atty Reg. # 53046, this 7th day of January, 2025.

/s/ *Matthew S. Parmet*
Matthew S. Parmet

## VERIFICATION

I declare under penalty of perjury under the law of Colorado that the foregoing Out of State Counsel's Verified Motion Requesting Pro Hac Vice Admission is true and correct, signed by Fazila Issa, Texas State Bar No. 24046136, this 7th day of January, 2025.

/s/ *Fazila Issa*
Fazila Issa

# Exhibit A-8

| | |
|---|---|
| DISTRICT COURT,<br>CITY AND COUNTY OF DENVER, COLORADO<br><br>Court Address:   1437 Bannock St., Rm. 256<br>                   Denver, CO 80202<br><br>Court Phone:     (303) 606-2300 | DATE FILED<br>January 24, 2025 2:33 PM<br>FILING ID: ACE0E09153FA9<br>CASE NUMBER: 2024CV34014 |
| Plaintiff:<br><br>**MATTHEW LANCLOS, individually and on behalf of all others similarly situated,**<br><br>v.<br><br>Defendant:<br><br>**SOUTHWEST AIRLINES CO.** | |
| | **▲ COURT USE ONLY ▲** |
| Attorneys for Defendant:<br><br>**David L. Miller**<br>Atty Reg. #51861<br>david.miller@nortonrosefulbright.com<br><br>**William J. Leone**<br>Atty Reg. #11403<br>william.leone@nortonrosefulbright.com<br><br>**NORTON ROSE FULBRIGHT, LLP**<br>1225 Seventeenth Street, Suite 3050<br>Denver, Colorado 80202<br><br>**Kimberly Cheeseman**<br>Texas Bar No. 24082809<br>kimberly.cheeseman@nortonrosefulbright.com<br><br>**Jesika Silva Blanco**<br>Texas Bar No. 24098428<br>jesika.blanco@nortonrosefulbright.com<br><br>**NORTON ROSE FULBRIGHT, LLP**<br>1550 Lamar Street, Suite 2000<br>Houston, Texas 77010 | <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>Case Number: 2024CV34014 |
| **NOTICE OF STIPULATION TO EXTEND RESPONSIVE PLEADING DEADLINE** | |

Defendant Southwest Airlines Co. ("Southwest") files this Stipulation regarding Southwest's responsive pleading deadline:

1.      Plaintiff filed his Original Class Action Complaint on December 26, 2024 (the "Complaint").

2.      Plaintiff served the Complaint on Southwest on January 3, 2025, resulting in a responsive pleading deadline for Southwest of January 24, 2025.

3.      On January 22, 2025, the Parties, through their respective counsel, agreed to extend Southwest's responsive pleading deadline to February 21, 2025.

4.      This stipulation is not to be construed as intent by Southwest to litigate in state court and does not waive Southwest's right to remove the litigation to federal court by the applicable deadline.

Dated:  January 24, 2025                  Respectfully submitted,

                                          **NORTON ROSE FULBRIGHT US LLP**

                                          /s/ *David Miller*
                                          _____

                                             **David L. Miller**
                                             **Willaim J. Leone**
                                             Atty Reg #51861
                                             Atty Reg #11403
                                             David.miller@nortonrosefulbright.com
                                             William.leone@nortonrosefulbright.com

1225 Seventeenth Street, Suite 3050
Denver, CO  80202
Telephone:      (303) 801-2681
Facsimile:      (303) 801-2777

**Kimberly F. Cheeseman**
Texas State Bar No. 24082809
kimberly.cheeseman@nortonrosefulbright.com

**Jesika Silva Blanco**
Texas State Bar No. 24098428
jesika.blanco@nortonrosefulbright.com

1550 Lamar Street, Suite 2000
Houston, TX  77010-3095
Telephone:      (713) 651-5151
Facsimile:      (713) 651-5246

***Attorneys for Southwest Airlines Co.***

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing pleading was filed electronically on January 24, 2025, with the Court through Colorado Courts E-Filing, which will

service notice upon all counsel of record and parties who have entered their appearances in this matter.

/s/David Miller
David Miller


## CERTIFICATE OF CONFERENCE

I hereby certify on January 22, 2025, the Parties, through their respective counsel, conferred through email and agreed to extend Southwest's deadline to file a responsive pleading to February 21, 2025.

/s/ David Miller
David Miller

# Exhibit A-9

| | |
|---|---|
| DISTRICT COURT, DENVER COUNTY, COLORADO<br><br>Court Address:<br>1437 BANNOCK STREET, RM 256, DENVER, CO, 80202<br><br>**Plaintiff(s)** MATTHEW LANCLOS<br>v.<br>**Defendant(s)** SOUTHWEST AIRLINES CO | DATE FILED<br>January 27, 2025 2:49 PM<br>CASE NUMBER: 2024CV34014<br><br><br><br>⚠ **COURT USE ONLY** ⚠ |
| | Case Number: 2024CV34014<br>Division: 203        Courtroom: |
| **ORDER RE: NOTICE OF STIPULATION TO EXTEND RESPONSIVE PLEADING DEADLINE** | |

The Notice of Stipulation to Extend Responsive Pleading Deadline attached hereto is GRANTED. No more extensions will be granted.

Issue Date:  1/27/2025

*Jill Dorancy*

JILL DEBORAH DORANCY
District Court Judge

DISTRICT COURT,
CITY AND COUNTY OF DENVER, COLORADO

Court Address:    1437 Bannock St., Rm. 256
                  Denver, CO 80202

Court Phone:      (303) 606-2300

Plaintiff:

**MATTHEW LANCLOS, individually and on behalf of all
others similarly situated,**

v.

Defendant:

**SOUTHWEST AIRLINES CO.**

▲ **COURT USE ONLY** ▲

Attorneys for Defendant:

**David L. Miller**
Atty Reg. #51861
david.miller@nortonrosefulbright.com

**William J. Leone**
Atty Reg. #11403
william.leone@nortonrosefulbright.com

**NORTON ROSE FULBRIGHT, LLP**
1225 Seventeenth Street, Suite 3050
Denver, Colorado 80202

**Kimberly Cheeseman**
Texas Bar No. 24082809
kimberly.cheeseman@nortonrosefulbright.com

**Jesika Silva Blanco**
Texas Bar No. 24098428
jesika.blanco@nortonrosefulbright.com

**NORTON ROSE FULBRIGHT, LLP**
1550 Lamar Street, Suite 2000
Houston, Texas 77010

Case Number:  2024CV34014

**NOTICE OF STIPULATION TO EXTEND RESPONSIVE PLEADING DEADLINE**

Defendant Southwest Airlines Co. ("Southwest") files this Stipulation regarding Southwest's responsive pleading deadline:

1.      Plaintiff filed his Original Class Action Complaint on December 26, 2024 (the "Complaint").

2.      Plaintiff served the Complaint on Southwest on January 3, 2025, resulting in a responsive pleading deadline for Southwest of January 24, 2025.

3.      On January 22, 2025, the Parties, through their respective counsel, agreed to extend Southwest's responsive pleading deadline to February 21, 2025.

4.      This stipulation is not to be construed as intent by Southwest to litigate in state court and does not waive Southwest's right to remove the litigation to federal court by the applicable deadline.

Dated:  January 24, 2025                    Respectfully submitted,

**NORTON ROSE FULBRIGHT US LLP**

/s/ *David Miller*
_____

**David L. Miller**
**Willaim J. Leone**
Atty Reg #51861
Atty Reg #11403
David.miller@nortonrosefulbright.com
William.leone@nortonrosefulbright.com

1225 Seventeenth Street, Suite 3050
Denver, CO  80202
Telephone:      (303) 801-2681
Facsimile:      (303) 801-2777

**Kimberly F. Cheeseman**
Texas State Bar No. 24082809
kimberly.cheeseman@nortonrosefulbright.com

**Jesika Silva Blanco**
Texas State Bar No. 24098428
jesika.blanco@nortonrosefulbright.com

1550 Lamar Street, Suite 2000
Houston, TX  77010-3095
Telephone:      (713) 651-5151
Facsimile:      (713) 651-5246

***Attorneys for Southwest Airlines Co.***

Attachment to Order - 2024CV34014

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing pleading was filed electronically on January 24, 2025, with the Court through Colorado Courts E-Filing, which will

service notice upon all counsel of record and parties who have entered their appearances in this matter.

/s/David Miller
David Miller


## CERTIFICATE OF CONFERENCE

I hereby certify on January 22, 2025, the Parties, through their respective counsel, conferred through email and agreed to extend Southwest's deadline to file a responsive pleading to February 21, 2025.

/s/ David Miller
David Miller

# Exhibit A-10

| | |
|---|---|
| DISTRICT COURT, DENVER COUNTY, COLORADO | |
| Court Address:<br>1437 BANNOCK STREET, RM 256, DENVER, CO, 80202 | |
| **Plaintiff(s)** MATTHEW LANCLOS<br>v.<br>**Defendant(s)** SOUTHWEST AIRLINES CO | DATE FILED<br>January 30, 2025 3:54 PM<br>CASE NUMBER: 2024CV34014 |
| | ⚠ **COURT USE ONLY** ⚠ |
| | Case Number: 2024CV34014 |
| | Division: 203        Courtroom: |
| **ORDER GRANTING OUT OF STATE COUNSELS' VERIFIED MOTIONS REQUESTING PRO HAC VICE ADMISSION** | |

The Proposed Orders attached hereto is GRANTED. The Court retains authority to revoke the pro hac vice status as appropriate pursuant to C.R.C.P. 205.3(5). The Court requires attorneys admitted under pro hac vice status to know and follow the Colorado Rules of Professional Conduct and Civil Procedure.

Issue Date: 1/30/2025

*Jill Dorancy*

JILL DEBORAH DORANCY
District Court Judge

DISTRICT COURT
CITY AND COUNTY OF DENVER, COLORADO

Court Address:    1437 Bannock St., Rm. 256
                  Denver, CO 80202
Court Phone:      303 606 2300

**Plaintiff:**

**MATTHEW LANCLOS, individually and on behalf of all others similarly situated,**

**v.**

**Defendant:**

**SOUTHWEST AIRLINES CO.**

▲ **COURT USE ONLY** ▲

**Applicant Attorney:**

**Fazila Issa**, Texas Bar No. 24046136
(*seeking admission pro hac vice*)
fissa@hftrialfirm.com
HODGES & FOTY, LLP
2 Greenway Plaza, Suite 250
Houston, TX 77046
Telephone: (713) 523-0001
Facsimile: (713) 523-1116

**Sponsoring Attorney:**

**Matthew S. Parmet**, Atty Reg. # 53046
PARMET PC
2 Greenway Plaza, Ste. 250
Houston, TX 77046
phone        713 999 5200
matt@parmet.law

Case No: **2024CV34014**

**Div.: 203**    **Ctrm.: n/a**

**ORDER GRANTING**
**OUT OF STATE COUNSEL'S VERIFIED MOTION REQUESTING**
**PRO HAC VICE ADMISSION**

Having considered the Out of State Counsel's Verified Motion

Requesting Pro Hac Vice Admission,

IT IS ORDERED that the Motion is GRANTED.

IT IS FURTHER ORDERED that Fazila Issa shall be admitted pro hac vice in this case.

SIGNED on the _____ day of _____, 2025.

_____
District Court Judge

| | |
|---|---|
| DISTRICT COURT<br>CITY AND COUNTY OF DENVER, COLORADO<br><br>Court Address:    1437 Bannock St., Rm. 256<br>                         Denver, CO 80202<br>Court Phone:       303 606 2300 | |
| **Plaintiff:**<br><br>**MATTHEW LANCLOS, individually and on behalf of all others similarly situated,**<br><br>**v.**<br><br>**Defendant:**<br><br>**SOUTHWEST AIRLINES CO.** | |
| | ▲ **COURT USE ONLY** ▲ |
| **Applicant Attorney:**<br><br>**Don J. Foty**, Texas Bar No. 24050022<br>(*seeking admission pro hac vice*)<br>dfoty@hftrialfirm.com<br>**HODGES & FOTY, LLP**<br>2 Greenway Plaza, Suite 250<br>Houston, TX 77046<br>Telephone: (713) 523-0001<br>Facsimile: (713) 523-1116<br><br>**Sponsoring Attorney:**<br><br>**Matthew S. Parmet**, Atty Reg. # 53046<br>**PARMET PC**<br>2 Greenway Plaza, Ste. 250<br>Houston, TX 77046<br>phone        713 999 5200<br>matt@parmet.law | **Case No: 2024CV34014**<br><br>**Div.: 203    Ctrm.: n/a** |
| **ORDER GRANTING**<br>**OUT OF STATE COUNSEL'S VERIFIED MOTION REQUESTING**<br>**PRO HAC VICE ADMISSION** | |

Having considered the Out of State Counsel's Verified Motion

Requesting Pro Hac Vice Admission,

IT IS ORDERED that the Motion is GRANTED.

IT IS FURTHER ORDERED that Don J. Foty shall be admitted pro hac vice in this case.

SIGNED on the _____ day of _____, 2025.

_____
District Court Judge